# EXHIBIT A



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / ALL
Transmittal Number: 16341570
Date Processed: 03/08/2017

| | |
|---|---|
| Primary Contact: | Molly Breen<br>Envision Healthcare<br>6363 S. Fiddler's Green Circle<br>Suite 1400<br>Greenwood Village, CO 80111 |
| Electronic copy provided to: | Julie Hahn<br>AbbyMarie Harris<br>Lynne Liko*<br>Marc Bonora |
| Entity: | American Medical Response, Inc.<br>Entity ID Number  1604746 |
| Entity Served: | American Medical Response, Inc. |
| Title of Action: | Reuben Calleros vs. Rural Metro of San Diego, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | San Diego County Superior Court, California |
| Case/Reference No: | 37-2017-00006612-CU-OE-CTL |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/07/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | A. Mark Pope<br>619-595-1366 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscglobal.com

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RURAL METRO OF SAN DIEGO, INC., RURAL METRO CORPORATION, AMERICAN MEDICAL RESPONSE, INC., ENVISION HEALTHCARE COPORATION, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REUBEN CALLEROS and RALPH RUBIO, individually and on behalf of all others similarly situated in the State of California

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**02/22/2017** at 03:56:37 PM
Clerk of the Superior Court
By Tamara Parra, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER** *(Número del Caso):* 37-2017-00006612-CU-OE-CTL

SUPERIOR COURT OF CALIFORNIA IN AND FOR SAN DIEGO COUNTY - CENTRAL
330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
A. Mark Pope/Harvey C. Berger 77798/102973
POPE, BERGER, WILLIAMS & REYNOLDS, LLP
401 B Street, Suite 2000, San Diego, California 92101; Ph: (619) 595-1366

DATE: 02/23/2017          Clerk, by  *T. Parra*  , Deputy
*(Fecha)*                 *(Secretario)*           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* American Medical Response, Inc.
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/7/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
Essential Forms

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CALLEROS 5777

A. Mark Pope (State Bar # 77798)
Harvey C. Berger (State Bar # 102973)
Sara J. Waller (State Bar # 292432)
**POPE, BERGER, WILLIAMS & REYNOLDS, LLP**
401 B Street, Suite 2000
San Diego, California 92101
619/595-1366; Fax 619/236-9677
pope@popeberger.com
berger@popeberger.com

Attorneys for Plaintiffs, REUBEN CALLEROS
and RALPH RUBIO, individually and on behalf
of all others similarly situated in the State of California

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/22/2017** at 03:56:37 PM

Clerk of the Superior Court
By Tamara Parra, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO – HALL OF JUSTICE

| | |
|---|---|
| REUBEN CALLEROS and RALPH RUBIO, individually and on behalf of all others similarly situated in the State of California,<br><br>Plaintiffs,<br><br>vs.<br><br>RURAL METRO OF SAN DIEGO, INC., RURAL METRO CORPORATION, AMERICAN MEDICAL RESPONSE, INC., ENVISION HEALTHCARE COPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 37-2017-00006612-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>**"IMAGED FILE"**<br><br>**COMPLAINT:**<br><br>1) **Failure to Authorize and Permit Rest Periods**<br><br>2) **Unfair and Unlawful Business Practices [Bus. & Prof. Code § 17200]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, REUBEN CALLEROS and RALPH RUBIO, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California (collectively referred to as "Plaintiffs"), allege as follows:

## I.
## PRELIMINARY ALLEGATIONS

1. This action is properly filed in the County of San Diego, City of San Diego, Central Judicial District, because: Defendants, and each of them, are corporations,

-1-
COMPLAINT

individuals, or other business entities which at times relevant hereto were conducting and transacting business in the State of California, County of San Diego, and within the jurisdiction of the Central Judicial District; Defendants' obligations and liabilities arise in the State of California, including in the County of San Diego, and within the jurisdiction of the Central Judicial District; Defendants maintain various offices and transact business in the State of California, including in the County of San Diego; work was performed by Plaintiffs for Defendants in the State of California, County of San Diego, and because some or all of the Named Plaintiffs and those who are similarly situated reside in the State of California, County of San Diego, and are within the jurisdiction of the Central Judicial District.

2. Plaintiffs, and those persons who are similarly situated, were employed by Defendants, and each of them, on ambulance crews in the State of California, including but not limited to the County of San Diego, as Emergency Medical Technicians, Paramedics, Drivers, or other job titles within the four (4) years preceding the filing of this action.

3. Plaintiffs are informed and believe and allege, that at all relevant times, Defendants, and each of them, were the owners, parents, subsidiaries, predecessors, successors, agents, employees, servants, masters or employers of the remaining Defendants, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 - 50, inclusive, are unknown to Plaintiffs, who therefore sue the DOE Defendants by fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

5. Plaintiffs are informed and believe, and allege, that the acts and omissions alleged were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## II.
## CLASS ACTION DESIGNATION

6. This action, and each cause of action thereof, is appropriately suited for Class Action status because:

(a) The potential class of persons who have been employed as ambulance crew members with job titles including, but not limited to Emergency Medical Technicians, Paramedics, and Drivers by Defendants in the State of California within the four years before the filing of this Complaint is numerous because Plaintiff is informed and believe, and allege, that since that time, Defendants, and each of them, have employed over one-hundred (100) persons in that capacity. Joinder of all affected persons in this class, individually would be impractical;

(b) This action involves questions of law and fact common to all ambulance crew members employed in the State of California because the action focuses on the Defendants' systematic policies, practices, and procedures, which have been uniformly applied to all such ambulance crew members, in violation of the California Industrial Welfare Commission Wage Orders, the California Labor Code, and the California Business and Professions Code;

(c) The claims of the Named Plaintiffs are typical of the class because Defendants subjected all of the ambulance crew members employed in the State of California to similar and/or identical violations of the California Industrial Welfare Commission Wage Orders, the California Labor Code, the California Business and Professions Code, and the public policy of the State of California;

(d) The Named Plaintiffs are able to fairly and adequately protect the interests of all members of the class, because it is in the Named Plaintiffs' best interests to

-3-
COMPLAINT

prosecute the claims alleged to obtain full compensation due to them and all security officers or guards for all alleged violations by Defendants.

## III.
### FIRST CAUSE OF ACTION
*(Failure to Authorize and Permit Rest Periods)*

7. Plaintiffs reallege and incorporate by reference, as though set forth fully, the allegations contained in Paragraphs 1 through 6.

8. At all times mentioned, Industrial Welfare Commission Wage Orders 4 and 9, Section 12, require an employer to authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period at a rate of ten (10) minutes net rest time per four (4) hours of work or major fraction thereof, although a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest periods shall be counted as hours worked for which there shall be no deduction from wages.

9. Pursuant to the California Supreme Court's decision in *Augustus v. ABM Security Services* (2016) 2 Cal.5th 257, workers such as the Plaintiffs and the putative class must be relieved of all duty for a rest period to comply with California law.

10. During the four years before the filing of this Complaint, Plaintiffs and those similarly situated were not authorized or permitted to take rest periods during which they were relieved of all duties because they were required to remain on call at all times and were required to carry pagers, cell phones, radios, or other electronic devices, to keep those devices on, and to remain vigilant and responsive to calls when the need arose, in violation of Wage Orders 4 and 9, and Labor Code Section 226.7(b).

11. As a result of Defendants' failure to provide Plaintiffs and those similarly situated with legally complaint rest periods during which they were relieved of all duty, as required by Wage Orders 4 and 9 and Labor Code Section 226.7(b), Defendants are liable to Plaintiff and the putative class to pay one additional hour of pay at each putative class

member's regular rate of pay for each work day that a rest period relieved of all duty was not provided, pursuant to Labor Code Section 226.7(c)

## IV.
## SECOND CAUSE OF ACTION

*(Unfair and Unlawful Business Practices In Violation Of California Business And Professions Code Section 17200)*

12. Plaintiffs reallege, and incorporate by reference as though set forth fully, the allegations contained in Paragraphs 1 through 11.

13. The public policy of the State of California, as expressed in the California Labor Code Section 226.7 and in Industrial Welfare Commission Wage Orders 4 and 9 is to regulate the conditions of employment for employees, including the requirement to authorize and permit rest periods in which an employee is relieved of all duties.

14. Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the State of California. As such, Defendants have a duty to comply with the provisions of the Unfair Business Practices Act as set forth in Business & Professions Code sections 17200, et seq., which Act prohibits, inter alia, unlawful, unfair, and/or fraudulent business acts or practices within the jurisdiction of the State of California.

15. By not authorizing and permitting Plaintiffs and the putative class to take rest periods during which they were relieved of all duty, as alleged above, such acts by Defendants, and each of them, constitute unfair and/or unlawful business practices under Business and Professions Code section 17200, et. seq. Defendants' violations of California wage and hour laws constitute a business practice because they were done repeatedly within 4 years before the date of the filing of this Complaint throughout the State of California, and in a systematic manner, to the detriment of Plaintiffs.

16. As a direct, foreseeable, and proximate result of Defendants' acts and omissions alleged, Plaintiff and those similarly situated have had their wages unlawfully withheld and Defendants have been unjustly enriched as a result of their unlawful and/or

unfair business acts and practices. Plaintiffs therefore request restitution to them and to all others similarly situated of all wages and other benefits which have been wrongfully withheld by Defendants in an amount according to proof at time of trial, but in excess of the minimum jurisdiction of this Court.

17. Pursuant to Business & Professions Code §17203, Plaintiffs further request the Court to make such orders or judgments as may be necessary to restore to the Plaintiffs and others similarly situated any money or property which may have been acquired by Defendants by means of such unfair business acts and practices and to enjoin Defendants from failing to provide duty-free rest periods to Plaintiffs and others similarly situated.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For additional wages as for each workday that a duty-free rest period was not provided pursuant to Labor Code Section 226.7(c) as alleged in the First Cause of Action;

2. For restitution of all monies, wages, and benefits due and owing to Plaintiffs, pursuant to the Second Cause of Action;

3. For an order enjoining Defendants from failing to provide duty-free rest periods to Plaintiffs;

4. For reasonable attorneys fees on the Second Cause of Action pursuant to Code of Civil Procedure 1021.5;

5. For prejudgment interest;

6. For such other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL**

Date: February 22, 2017                     POPE, BERGER & WILLIAMS, LLP

                                            By A. Mark Pope

-6-
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| A. Mark Pope/Harvey C. Berger 77798/102973<br>POPE, BERGER, WILLIAMS & REYNOLDS, LLP<br>401 B Street, Suite 2000<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 595-1366   FAX NO.: (619) 236-9677<br>ATTORNEY FOR (Name): Named Plaintiffs & Class | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/22/2017** at 03:56:37 PM<br>Clerk of the Superior Court<br>By Tamara Parra, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: HALL OF JUSTICE | |
| CASE NAME: CALLEROS v. RURAL METRO OF SAN DIEGO, INC | |

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 37-2017-00008612-CU-OE-CTL<br>JUDGE: Judge Randa Trapp<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 22, 2017

A. Mark Pope
(TYPE OR PRINT NAME)  ▶ /s/ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
Martin Dean's ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CALLEROS 5777

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2017-00006612-CU-OE-CTL   CASE TITLE: Calleros vs Rural Metro of San Diego Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | FOR COURT USE ONLY |
| PLAINTIFF(S): Reuben Calleros et.al. | |
| DEFENDANT(S): Rural Metro of San Diego Inc et.al. | |
| SHORT TITLE: CALLEROS VS RURAL METRO OF SAN DIEGO INC [E-FILE] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2017-00006612-CU-OE-CTL |

Judge: Randa Trapp  Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)  ☐ Non-binding private arbitration

☐ Mediation (private)  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)  ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____  Date: _____

Name of Plaintiff  Name of Defendant

Signature  Signature

Name of Plaintiff's Attorney  Name of Defendant's Attorney

Signature  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/23/2017  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)  **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**  Page: 1

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7070 | |
| PLAINTIFF(S) / PETITIONER(S):   Reuben Calleros et.al. | |
| DEFENDANT(S) / RESPONDENT(S):   Rural Metro of San Diego Inc et.al. | |
| CALLEROS VS RURAL METRO OF SAN DIEGO INC [E-FILE] | |
| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2017-00006612-CU-OE-CTL |

**CASE ASSIGNMENT**

Judge: Randa Trapp                                              Department: C-70

**COMPLAINT/PETITION FILED:** 02/22/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/11/2017 | 10:10 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)                     **NOTICE OF CASE ASSIGNMENT**                                      Page: 1