UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN CALLEROS and RALPH RUBIO, individually and on behalf of all others similarly situated in the State of California,<br><br>    Plaintiffs,<br><br>v.<br><br>RURAL METRO OF SAN DIEGO, INC., RURAL METRO CORPORATION, AMERICAN MEDICAL RESPONSE, INC. and ENVISION HEALTHCARE CORPORATION and DOES, 1 through 50,<br><br>    Defendants. | Case No.: 17-cv-00686-CAB-BLM<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**[Doc. No. 12]** |

This matter comes before the Court on Defendants' motion for judgment on the pleadings. [Doc. No. 12.] The Court finds the matter suitable for determination on the papers submitted in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court denies the motion.

## I. Background

Plaintiffs, and the presumptive class they seek to represent, are Emergency Medical Technicians, paramedics, drivers, or other employees on ambulance crews of Defendants within the four years preceding the filing of this action. [Doc. No. 1-2 ¶ 2.] Plaintiffs allege Defendants violated California Labor Code section 226.7 and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, because Plaintiffs were on call at all times during their statutorily required rest breaks.

Defendants move to dismiss Plaintiffs' second cause of action, violation of the UCL, asserting that it is based on an incognizable legal theory. [Doc. No. 12.] On May 16, 2017, Plaintiffs filed their opposition, [Doc. No. 16], Defendants in turn filed their reply. [Doc. No. 18.].

## II. Legal Standard

Under Rule 12(c), a party may move to dismiss a claim based on the pleadings any time after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011).

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted).

## III. Discussion

Plaintiffs' second cause of action is for violation of the UCL. California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, [the UCL] borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks and citations omitted). "While the scope of conduct covered by the UCL is broad, its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). "[U]nder the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'" *Id.* (second alteration in original) (quoting *Cel-Tech*, 20 Cal. 4th at 179). Damages are not recoverable. *Clark v. Superior Court*, 50 Cal. 4th 605, 610 (2010).

Plaintiffs' UCL claim is predicated upon violations of California Labor Code section 226.7. Section 226.7(c) states:

> If an employer fails to provide an employee a meal or rest . . . period in accordance with a state law, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that . . . period is not provided.

The question before the Court is whether the statutorily required additional hour of compensation mandated by section 226.7 is restitution and therefore recoverable in a UCL action. Having found no controlling precedent from the California Supreme Court, the Court "must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2006).

Preliminarily it is necessary to make the threshold determination of whether section 226.7 payments are wages or penalties. If the section 226.7 payments are wages then "orders for payment of *wages* unlawfully withheld from an employee are . . . a restitutionary remedy authorized by [the UCL]." *Cortez v. Purolator Air Filtration Prods.*

3

*Co.*, 23 Cal. 4th 163, 177 (2000) (emphasis added). But, if the statutory payments are considered penalties, they are not be recoverable under the UCL. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010) (holding that the statutorily penalties created by section 203 of the UCL are not restitution and therefore not recoverable in a UCL action). At the outset, the Court notes that the California Supreme Court's case law on the issue "is murky at best . . . ." *Singletary v. Teavana Corp.*, No. 5:13-CV-01163-PSG, 2014 WL 1760884, at *4 (N.D. Cal. Apr. 2, 2014).

### A. Section 226.7 Payments as Wages

The Court begins it analysis with the California Supreme Court decision *Murphy v. Kenneth Cole Products., Inc.*, 40 Cal. 4th 1094 (2007). In *Murphy*, the court considered whether the hour of compensation prescribed by section 226.7 for failure to provide employees required meal or rest breaks should be categorized as a wage or a penalty, as the applicable statute of limitations depended on the answer. *Id.* at 1099. The *Murphy* court concluded the "additional hour of pay" was properly categorized as a wage and not a penalty. *Id.* at 1114.

In so finding the *Murphy* court "recognized that statutes governing conditions of employment are to be construed broadly in favor of protecting employees" and considered the legislative history. *Id.* at 1103-111. Upon consideration of these factors, the court reasoned that the legislature did not intend the hour compensation as a penalty. The court also contemplated the purpose of the provision of the act, namely to shape employer behavior, finding "the behavior-shaping function of section 226.7 . . . [does not] compel classifying the remedy as a penalty." *Id.* at 1114.[1]

---

[1] In support of this conclusion, the *Murphy* court compared the section 226.7 payments to statutorily required overtime, reporting-time, and split-shift compensation to denote that a statute can require additional compensation without converting that payment into a penalty. *Murphy,* 40 Cal. 4th at 1112-14. The court noted "[e]ach of these forms of compensation, like the section 226.7 payment, uses the employee's rate of compensation as the measure of pay and compensates the employee for events other than time spent working." *Id.* at 1113.

4

In 2012, the California Supreme Court was again presented with a question related to the type of relief afforded under section 226.7. In *Kirby v. Immoos Fire Protection, Inc.*, 247 P.3d 1160 (Cal. 2012), the court was asked to determine whether a lawsuit seeking section 226.7 payments was subject to the fee shifting provision of section 218.5. Section 218.5 allows for an award of attorney fees "[i]n any action brought for the nonpayment of wages . . . ." The *Kirby* court held that "a section 226.7 claim is not an action brought for nonpayment of wages; it is an action brought for non-provision of meal or rest breaks" and therefore not subject to the fee shifting provision. *Id.* at 1168.

Post *Kirby* there has been confusion regarding whether section 226.7 payments should be considered wages. A large part of the confusion is attributable to the seemingly disparate holdings of *Kirby* and *Murphy,* with courts reaching different conclusions depending on their interpretation of these seminal decisions. *See*, *e.g., Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2015 WL 5072039, at *18 (N.D. Cal. Aug. 27, 2015) (collecting cases arriving at inconsistent conclusions). *Compare Jones v. Spherion Staffing LLC*, No. LA CV11-06462 JAK (JCx), 2012 WL 3264081, at *8 (C.D. Cal. Aug. 7, 2012) (concluding that following Kirby section 226.7 payments were not wages)[2] *with Parson v. Golden State FC, LLC*, No. 16-cv-00405-JST, 2016 WL 1734010 (N.D. Cal. May 2, 2016) (finding that section 226.7 payments should be considered wages).

Upon consideration of the different holdings on this issue, the Court finds the reasoning of its sister court in *Parson* to be particularly persuasive and consistent with California's practice of "recogniz[ing] that statutes governing conditions of employment are to be construed broadly in favor of protecting employees." *Murphy*, 40 Cal. 4th at 1103. As the *Parson* court explained:

> *Murphy* addresses whether the remedy available under section 226.7 is a wage, while *Kirby* addresses whether the legal violation defined by section

---

[2] The court stated "the legal violation underlying a section 226.7 claim is the nonprovision of meal and rest periods and the corresponding failure to 'ensur[e] the health and welfare of employees,' not the nonpayment of wages." *Jones*, 2012 WL 3246081, at *8.

5

> 226.7 is for nonpayment of wages. Put another way, although an employee who successfully brings a section 226.7 claim is challenging a failure to provide rest breaks, the remedy for that failure is additional wages.

*Parson*, 2016 WL 1734010, at *4. Accordingly, the Court concludes that the payment provided by section 226.7 is properly categorized as a wage.

### B. Section 226.7 Wages as Restitution

The the wages provided by section 226.7 are akin to overtime wages, and thus constitute restitution. This conclusion is grounded in the state's supreme court decisions in *Murphy* and *Pineda v. Bank of America, N.A.*, 241 P.3d 870 (2010), the relevant statute of limitations, and a review of other pertinent case law.

When addressing whether section 226.7 payments were wages, the *Murphy* court repeatedly compared section 226.7 payments to overtime wages, which its prior holdings had found to be recoverable restitution.[3] *See, e.g., Murphy,* 40 Cal. 4th at 1109-1110 (citing *Cortez*, 23 Cal. 4th at 167). The court also explained the dual purpose of the remedy available under section 226.7 was, "like overtime pay provisions, payment for missed meal and rest periods enacted as a premium wage to compensate employees, while also acting as an incentive for employers to comply with labor standards.*"* *Murphy*, 40 Cal. 4th at 1110. Further, the *Murphy* court reasoned that the dual-purpose remedy did not "automatically render the remedy [available under section 226.7] a penalty." *Id.* at 1111.

In *Pineda*, the California Supreme Court determined that section 203[4] penalties are not restitution under the UCL because "permitting recovery of section 203 *penalties* via

---

[3] For example, in its exploration of the legislative history, the court noted that the bill intended to create a "penalty" for failing to provide meal and rest breaks only in the "same way that overtime pay is a 'penalty,' although it is clear that overtime pay is considered a wage . . . ." *Murphy*, 40 Cal. 4th at 1109. Similarly, the court noted the legislature used overtime to limit the maximum hours an employee could work in a given period, just as a section 226.7 payment was "needed to help force employers to provide meal and rest periods." *Id*. at 1110.

[4] Section 203 imposes a penalty on employers who do not timely pay employees at the end of the employer/employee relationship. It provides "[i]f an employer willfully fails to pay. . . an employee who is discharged or who quits, the wages of the employee shall continue as a penalty . . . ." CAL. LAB. CODE § 203(a).

the UCL would not 'restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.'" *Pineda,* 50 Cal. 4th at 1401 (quoting *Korea Supply Co.*, 29 Cal. 4th at 1149). In emphasizing the distinction between wages, which are restitution, and section 203 penalties, which are not, the court explained, "it is the employers' action (or inaction) that gives rise to section 203 penalties. The vested interest in unpaid wages, on the other hand, arises out of *the employees'* action, i.e., their labor." *Id.*

The applicable statute of limitations provide further illustration of the distinctions between sections 226.7 wages and 203 penalties. In *Murphy*, after finding section 226.7 payments were wages, the court applied the three-year statute of limitations pursuant to section 338[5] of the California Code of Civil Procedure. *Murphy,* 40 Cal. 4th at 1114. But, in *Pineda*, the court noted that absent its own independent statute of limitations, section 203 would be governed by the one-year statute of limitations in section 340(a), which applies to actions "upon a statute for a penalty." *Pineda*, 50 Cal. 4th at 1395 ("Thus, if section 203(a) comprised the entire statute, a suit to recover its provided-for penalties would undoubtedly have to be filed within one year of the accrual of the cause of action.").

Further, the Court has considered the two rulings of its sister courts that Defendants rely upon and declines to follow their holdings that payments under section 226.7 are not restitution. While the Court agrees with the *Parsons* finding that section 226.7 payments were wages, it disagrees with the court's conclusion that those wages were not restitution. For similar reasons, the Court also disagrees with the *Guerrero v. Halliburton Energy Servs,* No. 1:16-CV-1300-LJO-JLT, 2017 WL 1255777 (E.D. Cal. Feb 3, 2017) opinion.

The *Parson* court found the section 203 reasoning of *Pineda* equally applicable to section 226.7, as both "impose awards of additional *wages* if an employe[r] violates the provision." *Parson*, 2016 WL 1734010, at *7 (emphasis added). However, the Court finds this corollary flawed as section 203 does not create an award of wages, rather the statutory

---

[5] California Civil Procedure Code section 338 applies to actions on liability created by statue "other than a penalty." CAL. CIV. PROC. CODE § 338.

payments it provides are penalties. Therefore, when the *Parson* court compared the section 226.7 wages to section 203 penalties, it was not comparing wages to wages. Additionally, the Court does not agree with the *Parson* court's suggestion that like the penalties required by section 203, "wages awarded for failure to provide rest breaks under section 226.7 would not be earned by the 'employee who has given his or her labor to the employer in exchange for that property.'" *Id.* (quoting *Cortez*, 23 Cal. 4th at 173). The *Murphy* court made clear that the wages required by section 226.7 compensated an employee who had worked through her rest or meal break. *Murphy*, 40 Cal. 4th at 1104 ("If denied two paid rest periods in an eight-hour work day, an employee essentially performs 20 minutes of 'free' work . . . ."). Whereas section 203 penalties accrue upon non-tender of earned wages at the time of termination and do not require an employee do anything in order to be entitled to recovery. The failure to provide rest breaks still arise out of the employee's labor: the labor performed while working through a statutorily required rest break; and are therefore restitutionary.

In *Guerrero*, the eastern district court primarily relied upon *Kirby* to find that section 226.7 penalties are not subject to restitution under the UCL. *Id.* at *7. While noting "that several California district courts have found that payments due under CLC § 226.7 are recoverable as restitution under the UCL" the *Guerrero* court declined to follow them as all but one of the cases was decided before the decision in *Kirby* issued. *Id.* The court also cited with approval the *Parson* decision in support of its analysis. But, as detailed above, the Court does not find the *Kirby* decision to be directly on point and disagrees with the *Parson* court's conclusion that section 226.7 wages are not restitution.

Finally, the Court finds support for its position in the California Court of Appeals decision, *Safeway v. Superior Court of Los Angeles County*, 238 Cal. App. 4th 1138 (Cal. Ct. App. 2015) (review denied). Contrary to Defendants assertion that the *Safeway* court "never considered whether wages paid in the form of rest period premiums qualify as restitution and are therefore recoverable under the UCL," [Doc. No. 18 at 11], it explicitly decided that meal break payments were recoverable under the UCL. After noting how the

Labor Code "embodies a public policy in favor of full and prompt payment of wages due an employee" the court "conclude[d] that a UCL claim may be predicated on a practice of not paying premium wages for missed, shortened, or delayed meal breaks attributable to the employer's instructions or undue pressure, and unaccompanied by a suitable employee waiver or agreement." *Safeway*, 238 Cal. App. 4th 1138, 1155-56. Moreover, the Court is not aware of any authority that meal break payments differ in any respect from rest period payments and section 226.7 suggests no such distinction. *See* CAL. LAB. CODE § 226.7(b) ("An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute. . .").

## IV. Conclusion

For the reasons set forth above, Defendants' motion for judgment on the pleadings [Doc. No. 12] as to Plaintiffs' claim under the UCL is **DENIED**.

Dated: July 31, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge