UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN CALLEROS AND RALPH RUBIO, individually and on behalf of all others similarly situated in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>RURAL METRO OF SAN DIEGO, INC., RURAL METRO CORPORATION, AMERICAN MEDICAL RESPONSE, INC., ENVISION HEALTHCARE CORPORATION, AND DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 17cv686-CAB(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**<br><br>**[ECF No. 22]** |

Currently before the Court is Plaintiffs' August 21, 2017 motion to compel further responses to interrogatories [ECF No. 22-1 ("MTC")] and Defendants' September 1, 2017 Opposition to Plaintiffs' motion to compel [ECF No. 25 ("Oppo.")]. For the reasons set forth below, Plaintiffs' motion to compel is **GRANTED IN PART**.

## **FACTUAL BACKGROUND**

The instant class action matter was removed to this Court on April 5, 2017 from the San Diego Superior Court. ECF No. 1. Plaintiffs, ambulance crew employees[1], allege that Defendants

---

[1] Including, but not limited to Emergency Medical Technicians, Paramedics, and Drivers. ECF

1

failed to authorize and permit rest periods and violated California Business and Professions Code §17200. ECF No. 1-2 at 4-5. Specifically, Plaintiffs and those similarly situated allege that they were not provided with rest periods "during which they were relieved of all duties because they were required to remain on call at all times and were required to carry pagers, cell phones, radios, or other electronic devices to keep those devices on, and to remain vigilant and responsive to calls when the need arose." Id. at 7.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to

---

No. 1-2 at 5.

must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3). In answering interrogatories propounded to a corporation, partnership, association or governmental agency, the officer or agent responding on its behalf "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B).

**DISCUSSION**

Plaintiffs seek an order from the Court requiring two things. First, Plaintiffs want Defendant Rural Metro of San Diego Inc. ("RMSD") to provide answers to Interrogatories No. 7 and 8 and Defendant Rural Metro Corporation ("RM Corp.") to provide answers to Interrogatories No. 8 and 9. The four interrogatories at issue relate to the names and addresses of all putative class members.[2] Id. at 5-6. Plaintiffs argue that (1) the identities of the class members are discoverable, (2) any invasion of privacy is minimal, (3) Plaintiffs can establish a prima facie case for showing class treatment, (4) the requested discovery will likely substantiate the class allegations, (5) the identities of the class members should not be limited to San Diego where, as here, Defendants have failed to provide evidence of a company-wide rest period policy

---

[2] The Interrogatories are as follows:

> **Interrogatory No. 7 to RMSD**: IDENTIFY the AMBULANCE CREW MEMBERS who were employed by YOU between February 22, 2013 and February 21, 2014. **Interrogatory No. 8 to RMSD**: IDENTIFY the AMBULANCE CREW MEMBERS who were employed by YOU between February 22, 2014 and the present time.
>
> **Interrogatory No. 8 to RM Corp.**: IDENTIFY the AMBULANCE CREW MEMBERS who were employed by YOU between February 22, 2013 and February 21, 2014. **Interrogatory No. 9 to RM Corp.**: IDENTIFY the AMBULANCE CREW MEMBERS who were employed by YOU between February 22, 2014 and the present time.

ECF No. 22-2, Declaration of Mark A. Pope in Support of motion to Compel Further Responses to Interrogatories ("Pope Decl.") at Exhs. 1-2. "The term 'IDENTIFY' is defined herein to request the full name, current or last known address, telephone number, employer and job title of the person(s) or entities who meet the description in the interrogatory." MTC at 5. "AMBULANCE CREW MEMBERS means persons who worked on ambulances, including but not limited to paramedics, EMTs, and drivers." Id.

3

17cv686-CAB(BLM)

consistent with California law, (6) the requested discovery is proportional to the needs of the case, and (7) Defendants' objections regarding information sought from more than three years before the filing of the complaint are moot in light of the District Court's denial of Defendants' motion for judgment on the pleadings. Id. at 5-10. Second, Plaintiffs want a Belaire notice sent "to all 1,993+ putative class members."[3] Plaintiffs' counsel agrees that (1) the information will only be used for purposes of the instant litigation, (2) the information will not be released or disseminated to any third party, and (3) he will not call or personally contact any putative class member "but will only communicate with them if contacted by the class member." Id. at 13-14; see also ECF No. 22-2, Declaration of Mark A. Pope in Support of motion to Compel Further Responses to Interrogatories ("Pope Decl.") at 3.

Defendants have agreed to a Belaire opt-out notice being sent to putative class members who worked in the San Diego unit in which the two Plaintiffs work. Oppo. at 2, 7, 10-11. However, Defendants contend that since Plaintiffs are unable to identify a single other employee who was subjected to the allegedly unlawful conduct and are unable to identify a uniform unlawful policy or practice that applied to all class members statewide, class contact information should not be provided for employees outside of San Diego. Oppo. at 5-8. Accordingly, the only remaining issue before the Court is whether Plaintiffs are entitled to receive contact information for putative class members who did not work in the San Diego territories with Plaintiffs.[4]

---

[3] The term Belaire notice comes from Belaire-West Landscape Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007). It refers to an opt-out notice that was sent to potential class members in Belaire to inform them of the lawsuit and explain that if they did not want to have their contact information sent to plaintiff's counsel, they could complete and return an enclosed post card. Id. at 557. The notice was found to be appropriate where the trial court "properly evaluated the rights and interests at stake, considered the alternatives, balanced the competing interests, and permitted the disclosure of contact information regarding Belaire-West's current and former employees unless, following proper notice, they objected in writing to the disclosure." Id. at 562. The notice was not found to present a serious invasion of potential class members' privacy interests. Id.

[4] Defendants argue that if the Court does order the notice to be sent to non San Diego employees, the discovery should be limited to a sampling as Plaintiffs have failed to show that

4

The scope of pre-class certification discovery lies within the sound discretion of the trial court. Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *4 (S.D. Cal. June 12, 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir.1975)).  In seeking discovery before class certification, Plaintiffs bear the burden of making a prima facie showing that the Fed. R. Civ. P. 23 requirements are satisfied or that discovery is likely to substantiate the class allegations (Mantolete Burden).  Salgado v. O'Lakes, 2014 WL 7272784, at *4 (E.D. Cal. Dec. 18, 2014); see also Coleman, 2013 WL 2896884, at *4 (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.")).

Fed. R. Civ. P 23(a) permits a class action to proceed where

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action will only be certified if

> (1) there is a risk of substantial prejudice from separate actions; or (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) "the questions of law and fact common to class members predominate over any questions affecting only individual members and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Coleman, 2013 WL 2896884, at *4.  "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue

---

contact information for all putative class members is proportional to the needs of this case. Oppo. at 10-11.

necessary for the determination" of whether a class action is maintainable.  Id. (citing Kamm, 509 F.2d at 210) (stating that "[t]he propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion.  Where the necessary factual issues may be resolved without discovery, it is not required.").

Here, Plaintiffs have not provided evidence making a prima facie showing that the Rule 23 class requirements are satisfied for employees outside of the San Diego region or that the requested discovery—the identities of employees who work outside the San Diego region—is relevant, proportional, and likely to establish the class allegations.  While Plaintiffs establish numerosity by alleging that the statewide class has more than 1,993 putative class members [MTC at 9], Plaintiffs provide very little evidence to establish commonality for those working outside of the San Diego region.  The only evidence provided by Plaintiffs to establish that Defendants' allegedly unlawful behavior and policies extend to the Northern California territories is (1) the EMS Operations Manual for Rural/Metro of San Diego which states that each unit is assigned a pager to be worn by one crew member at all times during their shift and that personnel must monitor portable radio traffic consistently throughout their duty period, (2) a letter from Rural/Metro Ambulance regarding out-of-chute times (wheels-turned), and (3) a portion of the Rural/Metro of California Policy and Procedure Manual for Santa Clara County EMS Operations discussing out-of-chute times.  Pope Decl. at Exhs 3-5.  Plaintiffs argue that Defendants' policies preclude ambulance crew members from being relieved of all duties during their breaks in compliance with the law.  MTC at 10, 12.  This evidence is not sufficient to justify discovery beyond the San Diego territories.  In addition, it is unclear that the policies themselves demonstrate company-wide violations as Defendants contend that the first policy Plaintiffs provide applies only to the San Diego territories and does not demonstrate unlawfulness because crews always work in pairs and one crew member can rest while the other monitors the pager and that there is no uniform policy concerning out-of-chute times.  Oppo. at 7-8.  Plaintiffs

provide no testimony, declarations, or discovery responses that indicate company-wide violations or support their contention that the provided policies are in conflict with the law. See Silva v. Avalonbay Communities, Inc., 2015 WL 11438549, at *2 (C.D. Cal. Sept. 2, 2015) (limiting discovery to the facility where plaintiff worked and noting that plaintiff "presented no evidence, through declaration, interrogatory response or otherwise, that any other employee experienced the same treatment as he alleges he suffered, or that others were subjected to the same unlawful practices of which he complains, or that defendant maintained an unlawful policy or practice at any or all of its facilities"); see also Dittmar v. Costco Wholesale Corp., 2016 WL 7188231, at *4 (S.D. Cal. Dec. 12, 2016) (permitting some discovery beyond Plaintiff's work location where there were statements made about employees in other regions, declarations, and deposition testimony concerning violations in multiple regions). The Court acknowledges that Defendants have not provided contrary evidence, however, the burden is not on them to do so. See Silva, 2015 WL 11438549, at *2 (recognizing that "[w]hile plaintiff complains that such evidence may have been adduced if defendant had chosen to depose plaintiff at this stage of the litigation, the fact that defendant has not so chosen did not prevent plaintiff from making the requisite showing in some other manner. It is plaintiff's burden to present the necessary evidence, whether by declaration or otherwise.").

If Plaintiffs discover evidence of violations in the Northern California territories or company-wide violations in the future, they may seek to expand the scope of discovery at that time. But, at this time, Plaintiffs' motion to compel contact information for putative class members who worked outside the San Diego region is **DENIED**.

With regard to Defendants' privacy objections, the Court overrules those objections as to employees in the San Diego region who do not opt out of the class or who contact Plaintiffs' counsel after receiving the Belaire notice. The contact information for such employees is subject to the protective order in this case [see ECF No. 17] and is to be produced to Plaintiffs' counsel, not disseminated to any third party, and used only for the purposes of the instant litigation. The Court finds that these circumstances adequately balance the privacy interests of the putative class members with Plaintiffs' need for discovery. See Coleman, 2013 WL 2896884 at *10; see

also Salgado, 2014 WL 7272784, at *11-12.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. On or before **October 23, 2017**, the parties shall meet and confer to prepare a Belaire notice to be sent by a neutral third party administrator to putative class members who work or worked in the San Diego territories with Plaintiffs.

2. Once the Belaire notice procedure is complete in the eyes of the neutral third party administrator, Defendant Rural Metro of San Diego, Inc. shall provide responses to Plaintiffs' Interrogatory Nos. 7 and 8 and Defendant Rural Metro Corporation shall provide responses to Plaintiffs' Interrogatory Nos. 8 and 9. Defendant shall disclose the names, addresses, telephone numbers, employers and job titles of all AMBULANCE CREW MEMBERS formerly or presently employed by DEFENDANTS between February 22, 2013 and the present time in areas located within the San Diego territories and who did not request to be excluded after receiving the Belaire notice. Defendants are not required to identify the names or contact information of employees outside of the San Diego territories.

**IT IS SO ORDERED**.

Dated: 10/3/2017

Hon. Barbara L. Major
United States Magistrate Judge