UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN CALLEROS AND RALPH RUBIO, individually and on behalf of all others similarly situated in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>RURAL METRO OF SAN DIEGO, INC., RURAL METRO CORPORATION, AMERICAN MEDICAL RESPONSE, INC., ENVISION HEALTHCARE CORPORATION, AND DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 17cv686-CAB(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>**[ECF No. 23]** |

Currently before the Court is Defendants' August 21, 2017 motion to compel further responses to discovery [ECF No. 23-1 ("MTC")], and Plaintiffs' September 1, 2017 Opposition to Defendants' motion to compel [ECF No. 24 ("Oppo.")]. For the reasons set forth below, Defendants' motion to compel is **GRANTED IN PART AND DENIED IN PART**.

## **FACTUAL BACKGROUND**

The instant class action matter was removed to this Court on April 5, 2017 from the San Diego Superior Court. ECF No. 1. Plaintiffs, ambulance crew employees[1], allege that Defendants

---

[1] Including, but not limited to Emergency Medical Technicians, Paramedics, and Drivers. ECF

1

failed to authorize and permit rest periods and violated California Business and Professions Code §17200. ECF No. 1-2 at 4-5. Specifically, Plaintiffs and those similarly situated allege that they were not provided with rest periods "during which they were relieved of all duties because they were required to remain on call at all times and were required to carry pagers, cell phones, radios, or other electronic devices to keep those devices on, and to remain vigilant and responsive to calls when the need arose." Id. at 7.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to

---

No. 1-2 at 5.

must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3). In answering interrogatories propounded to a corporation, partnership, association or governmental agency, the officer or agent responding on its behalf "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B); see also Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-B.

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

## **DISCUSSION**

Defendants seek an order from the Court requiring Plaintiffs to further respond to discovery regarding the personal activities Plaintiffs engaged in during their shifts and Plaintiffs' knowledge of locations where violations allegedly have occurred. MTC at 6, 13. Defendants argue that Plaintiffs have either refused to provide the information or "responded evasively" to the requests. Id. Defendants argue that the information is relevant to Plaintiffs' claims that they were not provided with breaks and that the information is not difficult to obtain. Id. at 7. Defendants further argue that Plaintiffs' reliance on Augustus v. ABM Security Services, Inc., 2 Cal. 5th 257 (2016) is misplaced. Id. at 6.

Plaintiffs contend that Defendants' discovery requests regarding Plaintiffs' personal activities are not proportional to the needs of the case. Oppo. at 10-11. Specifically, Plaintiffs note that some of the requests are impossible to answer and that "evidence that Plaintiffs engaged in personal activities while on-call does not prove that they were, therefore, relieved of all duties." Id. at 11.

///

A.  **<u>Requests for Production of Documents</u>**

Defendants argue that discovery regarding the personal activities in which Plaintiffs engaged during their shifts is relevant to Plaintiffs' claims that they did not receive off duty rest periods. MTC at 16.  For example, Defendants argue that "[i]f discovery were to show that Plaintiff Calleros spent 4-5 hours of a 12-hour shift watching movies, playing video games, reading magazines or surfing the net, such evidence would be directly relevant to whether he was provided compliant rest periods and took them." Id. at 17.  Defendants also argue that Plaintiffs have failed to satisfy their burden of showing that Defendants' document requests are not proportional to the needs of the case.  Id. at 20-21.

Plaintiffs contend that the RFPs seek irrelevant documents and are not proportional the needs of the case as it does not matter whether Plaintiffs engaged in personal activity during their shifts because the only issue is whether Plaintiffs were relieved of "all duties" during the rest periods.  Oppo. at 7-16.  Defendants counter that this argument is without merit because it assumes Plaintiffs' theory of liability is correct and prevents Defendants from obtaining facts to support Defendants' theory of liability.  MTC at 16-17.

The Requests for Production and responses at issue are as follows:

**Request for Production No. 24**:  All of YOUR cellular telephone bills since February 22, 2013, or any other records that would show whether, when and for how long YOU participated in personal telephone calls or engaged in personal activities during the work day.

**Request for Production No. 25**: All DOCUMENTS that would identify any websites YOU visited while on duty for RMSD or any other Defendant since February 22, 2013.

**Request for Production No. 26**: All postings YOU have made on Facebook, LinkedIn or any other social media site while on-duty for RMSD or any other Defendant since February 22, 2013.

**Response to Requests Nos. 24-26**: Objection: this request is not proportional to the needs of the case considering the marginal importance of the materials to the claims and defenses in this litigation. Engaging in personal activities during a work shift does not constitute a legal rest period unless the employee is relieved of all duties, which include the obligation that an employee remain on-call. (*Augustus, supra*, 2 Cal.5th at 273; accord *Bartoni v. American Medical Response*

4

*West* (2017) 2017 WL 2267277, *9).

D. MTC at 10; see also ECF No 23-2 Declaration of Kevin D. Sullivan in Support of Defendants' Motion to Compel Further Discovery Responses ("Sullivan Decl.") at Exh. F.

Defendants' motion to compel further response to RFP No. 24 is **GRANTED**. Defendants' motion to compel further responses to RFPs 25 and 26 is **DENIED**. The relevant inquiry is whether and for how long Plaintiffs' engaged in personal activities, such as texts, phone calls, or internet use, during the workday. The content of the texts, calls, or internet activity is not relevant. Accordingly, Plaintiffs must provide cell phone records or other documents that show whether, when, and for how long Plaintiffs engaged in personal activities, such as cellular phone calls, text messaging, or internet access and use, during the workday but Plaintiffs are not required to provide documents establishing the internet sites visited or the content of the posts or messages.[2] See Crews v. Domino's Pizza Corp., 2009 WL 10672572, at *3 (C.D. Cal. July 31, 2009) (granting Defendant's motion to compel cell phone records and noting that "[c]ell phone records indicating that Plaintiffs engaged in personal conversation while on a work shift is directly relevant to Plaintiffs' claim that they were not allowed adequate break time."); see also Quintana v. Claire's Boutiques, Inc., 2014 WL 3371847, at *2 (N.D. Cal. July 9, 2014) (stating that "the court agrees, that cell phone records establishing that Plaintiffs engaged in personal activities while on the clock and/or had the opportunity to take meal and rest breaks are relevant to this litigation.").

Defendants also move to compel a further response to RFP No. 27 on the ground that Plaintiffs' responses are evasive and they have refused to supplement their responses. MTC at 15. Plaintiffs admit that Plaintiff Ralph Rubio's name was erroneously inserted into the response but argue that there was no intent to be evasive and the responses show that neither Plaintiff "has possession, custody or control of any communications from the other Plaintiff so there are

---

[2] Plaintiffs do not claim that they did not engage in personal activities during the work day, but rather that any personal activity is irrelevant because they were not relieved of all responsibility during their rest breaks. Oppo. at 6-7. If, however, Plaintiffs change their position and assert that their internet use was work-related, Defendants may renew this motion.

no documents to produce." Oppo. at 19-20. Plaintiff Ralph Rubio agreed to provide a supplemental response "to rectify the clerical error listing his name instead of Mr. Calleros." Id. at 20.

> **Request for production No. 27**: All communications with Ralph Rubio, including, but not limited to, text messages and emails.
>
> **Response to Request No. 27**: Objection: this request is not proportional to the needs of the case considering the marginal importance of the materials to the claims and defenses in this litigation. Further objection: overbroad, burdensome, and therefore, oppressive. Without waiving the objections: A diligent search and a reasonable inquiry having been made in an effort to comply with this demand, Responding Party lacks the ability to comply with this demand because the particular item or category has never been or is no longer in the possession, custody or control of the responding party. The name and address of the natural person or organization known or believed to have possession, custody, or control of the requested item or category of item, if it exists, is: Ralph Rubio.

Sullivan Decl. at Exhs. C and G. Defendants' motion to compel further response to RFP No. 27 is **DENIED**. First, Plaintiffs have agreed to provide a supplemental response correcting their error with Plaintiff's name. Second, the request is extremely overbroad as it is not limited in time or scope and simply requests any and all communications that have ever taken place between Plaintiffs.

**B.     Interrogatories**

Defendants move to compel further responses to Interrogatory Nos. 13-14 and 16 and argue that Plaintiffs' objections are inapplicable and incorrect and the responses are evasive and merely legal argument. MTC at 11. Defendants explain that information "showing that Plaintiffs were not required to monitor a device at all times or to remain "vigilant," but instead engaged in personal activities during their shifts would contradict Plaintiffs' claims they were not provided rest periods" and is very relevant to the case. Id. at 16. Defendants further explain that Plaintiffs have failed to demonstrate that the burden of responding to the discovery requests is not proportional to the need of this case and that "while it might take several hours for them to provide full and complete responses, that is not too much to ask of persons who seek to act as class representatives in a putative class action with millions of dollars at stake." Id. at 21.

Plaintiffs contend that the information requested in the interrogatories is irrelevant to demonstrating whether or not Plaintiffs were permitted to take rest breaks during which they were relieved of all duties and not proportional to the needs of the case. Oppo. at 7-11, 15. Plaintiffs further contend that Interrogatories 13 and 14 are impossible to answer. Id. at 10-11.

The Interrogatories and responses are as follows:

**Interrogatory No. 13**: "IDENTIFY each work day since February 22, 2013 on which YOU did not engage in any personal activities of any kind while on-duty, including but not limited to engaging in personal telephone calls, reading books or magazines, playing computer games, browsing websites, watching videos or movies, sleeping, resting, texting, emailing, going for a walk or shopping."

**Interrogatory No. 14**: "IDENTIFY each PERSON who has been assigned to work on an ambulance crew with YOU since February 22, 2013 and DESCRIBE IN DETAIL[3] the personal activities in which YOU observed each such PERSON engage while on-duty, including but not limited to engaging in personal telephone calls, reading books or magazines, playing computer games, browsing websites, watching videos or movies, sleeping, resting, texting, emailing, going for a walk or shopping."

**Response to Interrogatory No. 13-14**: Objection: this interrogatory is not relevant to plaintiffs' claim or defendants' defenses and is not proportional to the needs of the case considering the issues at stake in this action, the importance of discovery in resolving the issues, and the burden of the proposed discovery outweighs its likely benefit. Without waiving the objections: Engaging in personal activities during a work shift does not constitute a legal rest period unless the employee is relieved of all duties; if an employee is required to remain on-duty and on-call at all times during a shift, he or she has not been relieved of all duties. (*Augustus, supra*, 2 Ca1.5th at 273; accord *Bartoni v. American Medical Response West* (2017) 2017 WL 2267277, *9).[4]

---

[3] The phrase "DESCRIBE IN DETAIL" was defined as "call[ing] for a complete description of all facts which are pertinent to the act, occurrence or event in question, including where applicable, the date, time, place, circumstance, nature, substance, description or explanation of the act, event or occurrence, and the identity of all persons or entities involved in the act, event or occurrence, including witnesses." MTC at 11, n1.

[4] The response to Interrogatory No. 14 contains an additional sentence that states "The identities of all persons I have worked with are known to Propounding Party. Sullivan Decl. at Exh. H.

**Interrogatory No. 16**: "IDENTIFY each website that YOU visited while on-duty for RMSD or any other Defendant since February 22, 2013 using YOUR smartphone, laptop, tablet or other communications device."

**Response to Interrogatory No. 16**: Objection: this interrogatory is not relevant to plaintiffs' claim or defendants' defenses and is not proportional to the needs of the case considering the issues at stake in this action, the importance of discovery in resolving the issues, and the burden of the proposed discovery outweighs its likely benefit. Without waiving the objection: Engaging in personal activities during a work shift, including accessing an interne website, does not constitute a legal rest period unless the employee is relieved of all duties; if an employee is required to remain on-duty and on-call at all times during a shift, he or she has not been relieved of all duties. (*Augustus, supra*, 2 Ca1.5th at 273; accord *Bartoni v. American Medical Response West* (2017) 2017 WL 2267277, *9).

Sullivan Decl. at Exh. H. Defendants' motion to compel further response to Interrogatories 13 and 14 is **GRANTED IN PART**. Defendants' motion to compel further response to Interrogatory 16 is **DENIED**. As set forth above, information regarding whether or not and for how long, Plaintiffs engaged in personal activities is relevant to the issues in this case but the specific content of personal digital activities is not. Accordingly, Plaintiffs must provide a substantive response to Interrogatory No. 13 by identifying the specific days or otherwise quantifying the number of days that Plaintiffs did not engage in "any personal activities of any kind while on-duty." Similarly, Interrogatory No. 14 seeks evidence regarding whether or not purported class members engaged in personal activities while on duty which is relevant to the issues in this case. However, Defendants' definition of "DESCRIBE IN DETAIL" is unduly burdensome and not proportional to the case. See supra, note 3. Accordingly, Plaintiffs are **ORDERED** to provide a substantive response to Interrogatory No. 14 by identifying each person with whom Plaintiff has worked and all personal activities Plaintiffs observed the person engage in while on duty and, the estimated length of time the employee engaged in each activity, and the estimated number of days (or whether daily, weekly, or monthly) Plaintiffs saw the employee engaged in the

activity. Plaintiffs do not have to identify the specific websites that were visited as requested in Interrogatory No. 16.

Defendants argue that Plaintiffs' response to Interrogatory No. 15 is incomplete as Plaintiff Rubio only identified the company, but did not respond to the other requested information and Plaintiff Calleros did not provide any answer. MTC at 12. Plaintiffs contend that Interrogatory No. 15 is irrelevant and that their position is not incorrect in light of the de-publication of <u>Bartoni v. American Medical Response West</u> (2017) 11 Cal. App. 5th 1084 or Defendants' citation to the concurrence and dissent of <u>Augustus</u>. Oppo. at 15-16.

> **Interrogatory No. 15**: "IDENTIFY each PERSON that has provided YOU with cellular telephone service since February 22, 2013, including the name of the provider, the period of time for which it provided services to YOU, and the telephone number that was assigned to YOU."
>
> **Response to Interrogatory No. 15**: Objection: this interrogatory is not relevant to plaintiffs' claim or defendants' defenses and is not proportional to the needs of the case considering the issues at stake in this action and the importance of discovery in resolving the issues. Without waiving the objection: Engaging in personal activities during a rest period is irrelevant unless the employee is relieved of all duties, including the obligation that an employee remain on call. (*Augustus, supra*, 2 Ca1.5th at 273; accord *Bartoni v. American Medical Response West* (2017) 2017 WL 2267277, *9).

Sullivan Decl. at Exh. F. Defendants' motion to compel further response to Interrogatory No. 15 is **GRANTED**. <u>See</u> <u>Quintana</u>, 2014 WL 3371847, at *2 ("cell phone records establishing that Plaintiffs engaged in personal activities while on the clock and/or had the opportunity to take meal and rest breaks are relevant to this litigation."); <u>see</u> <u>also</u> <u>Perez v. Safety–Kleen Sys., Inc.</u>, 2008 WL 276384 (N.D. Cal. Jan. 31, 2008) (granting Plaintiffs request for company cell phone records used by Plaintiffs to help establish whether or not calls took place during employee meal breaks).

Defendants argue that Plaintiffs' response to Interrogatory No. 12 "failed to identify a single location, facility, or operating unit in California that has provided non-emergency services

since February 22, 2013, nor do Plaintiffs "DESCRIBE IN DETAIL all facts that [they] believe demonstrate that PERSONS providing non-emergency services at those locations, facilities or operating units were not provided rest periods in compliance with the law." Id. at 13-14. Defendants further argue that if Plaintiffs are unable to respond to the interrogatory, they must supplement their response and say so under oath. Id. at 25.

Plaintiffs contend that Interrogatory No. 12 seeks information to which Defendants have "superior relative access." Oppo. at 17. Plaintiffs also contend that expecting Plaintiffs to DESCRIBE IN DETAIL facts for each of the locations is not proportional to the needs of the case. Id. Plaintiffs note that they may be able to provide a more thorough response to the interrogatory after they depose Defendants' persons most knowledgeable. Id. at 18.

> **Interrogatory No. 12**: "IDENTIFY which of RMSD's or Rural Metro Corporation's locations, facilities or operating units in California have provided non-emergency services since February 22, 2013 and DESCRIBE IN DETAIL all facts that [they] believe demonstrate that PERSONS providing non-emergency services at those locations, facilities or operating units were not provided rest periods in compliance with the law."
>
> **Response to Interrogatory No. 12**: Objection: this interrogatory is compound. Further Objection: this interrogatory is not relevant to plaintiffs' claim or defendants' defenses and is not proportional to the needs of the case considering the parties relative access to relevant information. Without waving the objections: For all facilities or units where I worked, and on information and belief, for all ambulance crews working for Defendants in California during the class period, ambulance crews providing non-emergency services were required to remain on-call and on-duty during their entire shifts and were not, therefore, authorized and permitted to take rest periods during which they were relieved of all duties. Investigation and discovery are continuing.

Sullivan Decl. at Exh. H. Defendants' motion to compel further response to Interrogatory No. 12 is **GRANTED**. Interrogatory No. 12 seeks relevant information as Plaintiffs assert a class encompassing Defendants' employees who work throughout the state of California. Plaintiffs state that they have "information and belief" that support their allegations. Defendants are

seeking the facts that support Plaintiffs' statements and claims. Plaintiffs are **ORDERED** to respond and must provide a detailed answer based upon information known to them at this time and must supplement, if necessary, as required by Fed. R. Civ. P. 26(e).

Defendants argue that Plaintiffs' responses to Interrogatory No. 21 are meritless relevancy objections. MTC at 23. Plaintiffs contend that Interrogatory No. 21 seeks irrelevant information because "[t]here is no conversation or communication that a Plaintiff could have with another person which could be relevant, or even probative, of whether legally compliant rest periods for ambulance crewmembers were authorized and permitted by the Defendants." Oppo. at 18.

> **Interrogatory No. 21**: "DESCRIBE IN DETAIL the substance, nature and date of each communication YOU had with any PERSON other than with YOUR attorneys concerning the facts, issues or other matters involved in this case."
> 
> **Response to Interrogatory No. 21**: Objection: this interrogatory is not relevant to plaintiffs' claim or defendants' defenses and is not proportional to the needs of the case considering the issues at stake in this action, the importance of discovery in resolving the issues, and the burden of the proposed discovery outweighs its likely benefit.

Sullivan Decl. at Exh. H. Defendants' motion to compel further response to Interrogatory No. 21 is **GRANTED IN PART.** While the request, including the definition of "DESCRIBE IN DETAIL," is overbroad and disproportional, it does seek relevant information. Accordingly, Plaintiffs are **ORDERED** to provide a supplemental response identifying the person(s) with whom Plaintiffs had such communication, the approximate date of the communication, the general substance of the communication, and the identity of any witness(es) to the communication.

Finally, Defendants argue that Plaintiffs' responses to Interrogatory No. 6 fails to give a complete answer. MTC at 14. Defendants further argue that if Plaintiffs are unable to respond to the interrogatory, they must supplement their response and say so under oath. Id. at 22. Plaintiffs have agreed to supplement their response to Interrogatory No. 6. Oppo. at 20. Accordingly, Defendants' motion to compel further response to Interrogatory No. 6 is **DENIED**

**AS MOOT**.

## CONCLUSION

Defendants' motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' motion to compel further response to RFPs No. 25, 26, and 27 and Interrogatories No. 16, 21 is **DENIED**.

2. Defendants' motion to compel further response to Interrogatory No. 6 is **DENIED AS MOOT**.

3. Defendants' motion to compel further response to RFPs No. 24 and Interrogatories No. 12, 13, and 15 is **GRANTED**.

4. Defendants' motion to compel further response to Interrogatories No. 14 and 21 is **GRANTED IN PART**.

5. Plaintiffs must provide supplemental discovery responses by **October 23, 2017**.

**IT IS SO ORDERED**.

Dated: 10/3/2017

Hon. Barbara L. Major
United States Magistrate Judge