UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN CALLEROS AND RALPH RUBIO, individually and on behalf of all others similarly situated in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>RURAL METRO OF SAN DIEGO, INC., RURAL METRO CORPORATION, AMERICAN MEDICAL RESPONSE, INC., ENVISION HEALTHCARE CORPORATION, AND DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 17cv686-CAB(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL**<br><br>**[ECF No. 35]** |

Currently before the Court is Plaintiffs' November 27, 2017 letter brief regarding a motion to compel deposition of Defendants' Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 30(b)(6) witness [ECF No. 35], Defendants' November 27, 2017 letter brief [ECF No. 36 ], and Defendants' December 1, 2017 response [ECF No. 37]. For the reasons set forth below, Plaintiffs' motion to compel is **GRANTED IN PART**.

## **FACTUAL BACKGROUND**

The instant class action matter was removed to this Court on April 5, 2017 from the San

Diego Superior Court. ECF No. 1. Plaintiffs, ambulance crew employees[1], allege that Defendants failed to authorize and permit rest periods and violated California Business and Professions Code §17200. ECF No. 1-2 at 4-5. Specifically, Plaintiffs and those similarly situated allege that they were not provided with rest periods "during which they were relieved of all duties because they were required to remain on call at all times and were required to carry pagers, cell phones, radios, or other electronic devices to keep those devices on, and to remain vigilant and responsive to calls when the need arose." Id. at 7.

## **RELEVANT PROCEDURAL BACKGROUND**

On August 21, 2017, Defendants filed a motion to compel further responses to discovery. ECF No. 23. Defendants sought additional responses to discovery relating to the personal activities that Plaintiffs engaged in during their shifts and Plaintiffs' knowledge of locations where violations allegedly occurred. ECF No. 23-1 at 6. Plaintiffs contended that the requests were not proportional to the needs of the case and that the responses would not prove that Plaintiffs were relieved of all duties while on call. On October 3, 2017, the Court issued an "ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL." ECF No. 31.

On August 21, 2017, Plaintiffs filed a motion to compel further responses to interrogatories. ECF No. 22. Plaintiffs sought additional responses to interrogatories relating to the names and addresses of all putative class members in California, not only those who worked in the San Diego area. ECF No. 22-1 at 5-10. Plaintiffs also requested that a Belaire notice be sent to all putative class members. Id. at 13-14. Defendants contended that a Belaire notice should only be sent to putative class members who worked in the San Diego unit in which the Plaintiffs worked. ECF No. 25 at 2, 7, 10-11. In granting in part and denying in part the motion, the Court noted that

> Plaintiffs have not provided evidence making a prima facie showing that the Rule 23 class requirements are satisfied for employees outside of the San Diego region or that the requested discovery—the identities of employees who work outside the

---

[1] Including, but not limited to Emergency Medical Technicians, Paramedics, and Drivers. ECF No. 1-2 at 5.

San Diego region—is relevant, proportional, and likely to establish the class allegations.

ECF No. 29 at 6. The Court further noted that "[i]f Plaintiffs discover evidence of violations in the Northern California territories or company-wide violations in the future, they may seek to expand the scope of discovery at that time." Id. at 7.

On November 17, 2017, counsel for Plaintiffs, Mr. A. Mark Pope, and counsel for Defendants, Mr. Kevin D. Sullivan, contacted the Court regarding a discovery dispute concerning a Fed. R. Civ. P. 30(b)(6) deposition. ECF No. 34. In regard to the dispute, the Court issued a briefing schedule requiring the parties to file simultaneous letter briefs not to exceed five (5) pages in length on or before November 27, 2017. The Court permitted the parties to respond to the letter briefs by noon on December 1, 2017. The parties timely filed their briefs and responses. ECF Nos. 35-37.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

An organization may be deposed in the following manner:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

## **DISCUSSION**

"Plaintiffs seek to conduct a deposition under Fed. R. Civ. P 30(b)(6) of Defendant, Rural Metro Corporation (hereafter sometimes "RMC") [,] on topics pertaining to whether or not RMC's ambulance crew members in Santa Clara are relieved of all duties such that they are permitted to take an off-duty rest period, as required by California Law." ECF No. 35 at 2. In support, Plaintiffs argue that "evidence obtained through discovery to date demonstrates that Rural Metro Corporation had uniform policies in both San Diego and Santa Clara which had the effect of preventing ambulance crew members from being relieved of all duties to take legally compliant rest breaks." Id. at 3. Plaintiffs note that the evidence is "convincing circumstantial evidence" and cite to the Rural/Metro of San Diego EMS Operations Manual and Rural/Metro of California Policy and Procedure Manual, Santa Clara County EMS Operations in support. Id. at 3 and n.2. Plaintiffs also argue that the Court should reconsider its previous analysis and find that Plaintiffs have provided sufficient evidence to make a prima facie showing that Fed. R. Civ. P. 23 class action requirements are satisfied for employees in northern California. Id. Plaintiffs cite to company-wide policies, but note that the policies "in isolation, are not *per se* illegal, it is the *effect* of these policies, which prevent ambulance crew members" from being relieved of all duties. Id. at 4-5 (emphasis in original). Finally, Plaintiffs argue that a Rule 30(b)(6) deposition would likely "lead to relevant and admissible evidence, is proportionate to the case, and will be beneficial to the parties and the court." Id. at 5.

Defendants argue that nothing has changed since the Court's previous discovery order in this matter and that the findings in that order should apply to Plaintiff's' instant request. ECF

No. 36 at 1-2; see also ECF No. 37 at 1.  Defendants state that Plaintiffs still have not provided evidence of the violations outside of San Diego and that Plaintiffs' motion is untimely as it is really an objection to or motion for reconsideration of the Court's previous order which should have been brought within fourteen or twenty eight days of the Court's order.  ECF No. 36 at 2-3.  Defendants also argue that Plaintiffs have not made a *prima facie* showing that the requirements of Fed. R. Civ. P. 23 are satisfied here and have not established facts justifying discovery outside of the San Diego region where Plaintiffs worked.  Id. at 4.  Defendants note that Plaintiff Ruben Calleros' declaration is insufficient to meet Plaintiff's burden and that the policies provided by Plaintiffs are the same ones the Court considered in its previous order.  ECF No. 37 at 2.  Defendants also contend that Plaintiffs fail to provide any authority for the idea that a lawful policy's allegedly illegal effects justifies state-wide discovery.[2]  Id. at 3.  Defendants ask that the Court issue an order limiting precertification discovery to individuals and operations within the San Diego region "[s]o that the parties do not keep rehashing the same issue."  ECF No. 36 at 5; see also ECF No. 37 at 1.

   1. Motion for Reconsideration

To the extent Plaintiffs are asking the Court to reconsider its prior ruling, the request is

---

[2] Defendants further contend that the Court has rejected Plaintiffs' argument that Defendants' policies do not comply with Augustus v. ABM Security Services, (2016) 2 Cal.5th 257.  ECF No. 37 at 4.  In support, Defendants cite to the Court's October 3, 2017 order and say that the Court concluded that Defendants' policies "do[] not demonstrate unlawfulness because crews always work in pairs and one crew member can rest while the other monitors the pager and that there is no uniform policy concerning out-of-chute times."  Id. (citing ECF No. 29 at 6).  The Court notes that it did not issue a finding as to whether or not Defendants' policies comply with Augustus.  The full quote reads:

> In addition, it is unclear that the policies themselves demonstrate company-wide violations as **Defendants contend** that the first policy Plaintiffs provide applies only to the San Diego territories and does not demonstrate unlawfulness because crews always work in pairs and one crew member can rest while the other monitors the pager and that there is no uniform policy concerning out-of-chute times.

ECF No. 29 at 6 (emphasis added).  Accordingly, the Court was summarizing Defendants' arguments with respect to Plaintiff's' position, not making a finding or issuing a ruling.

untimely and Plaintiffs have not provided any new facts. Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Additionally, pursuant to Federal Rule of Civil Procedure 72,

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72.

Plaintiffs' request for reconsideration is untimely. The Court issued its order on October 3, 2017. Twenty-eight days from October 3, 2017 was November 20, 2017. While the parties contacted the Court regarding their discovery dispute on November 17, 2017, at no point during the call did counsel for Plaintiffs state that he wished to file a motion for reconsideration or raise any concerns regarding the timing of filing such a motion. Instead, Plaintiffs filed their request a week after the deadline. Even if Plaintiffs' request had been timely, the motion fails as Plaintiffs have not provided any "new or different facts and circumstances . . . which did not exist, or were not shown, upon such prior application." S.D. Cal. Civ.L.R. 7.1(i)(1). Instead, using the same evidence used in their previous motion to compel[3], Plaintiffs argue that they have made the necessary *prima facie* showing that Fed. R. Civ. P. 23 class requirements are satisfied to conduct the requested deposition. ECF No. 35 at 4. While Plaintiffs provide a new declaration

---

[3] Compare ECF Nos. 22-2 at Exhs. 3-5 with ECF Nos. 35-3 and 35-4.

from Plaintiff Ruben Calleros in support of the instant motion, the declaration does not provide any "new or different facts and circumstances" which did not exist at the time of the previous motion. S.D. Cal. Civ.L.R. 7.1(i)(1); see also ECF No. 35-7, Declaration of Reuben Calleros in Support of Motion to Compel Depositions ("Calleros Decl."). The declaration states that Mr. Calleros and other EMTs and paramedics were required to (1) wear pagers during their entire shift, (2) monitor their pagers and radios during downtime, (3) inform their partners of calls and pages, and (4) meet "out of chute" times. Id. at 2-3. The declaration further states that Mr. Calleros and his colleagues were never relieved of all duties during their shifts and had to stop any downtime activities such as surfing the web or making telephone calls the instant a call for service came in. Id. at 3. The declaration speaks only to Mr. Calleros' work experience which was in the San Diego area and not in northern California.

Because Plaintiffs' motion for reconsideration is untimely and lacking in any new or different facts or circumstances, the motion is **DENIED**.

2. Motion to Compel Fed. R. Civ. P. 30(b)(6) Deposition

The scope of pre-class certification discovery lies within the sound discretion of the trial court. Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *4 (S.D. Cal. June 12, 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir.1975)). In seeking discovery before class certification, Plaintiffs bear the burden of making a *prima facie* showing that the Fed. R. Civ. P. 23 requirements are satisfied or that discovery is likely to substantiate the class allegations (Mantolete Burden). Salgado v. O'Lakes, 2014 WL 7272784, at *4 (E.D. Cal. Dec. 18, 2014); see also Coleman, 2013 WL 2896884, at *4 (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.")).

Fed. R. Civ. P 23(a) permits a class action to proceed where

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action will only be certified if

> (1) there is a risk of substantial prejudice from separate actions; or (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) "the questions of law and fact common to class members predominate over any questions affecting only individual members and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Coleman, 2013 WL 2896884, at *4. "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination" of whether a class action is maintainable. Id. (citing Kamm, 509 F.2d at 210). "Discovery is likely warranted where it will help resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether there are grounds for a class or subclass." McCowen v. Trimac Transportation Servs. (W.), Inc., 2015 WL 5184473, at *3 (N.D. Cal. Sept. 4, 2015) (citing Kamm, 509 F.2d at 210). "To deny discovery in a case [where discovery is necessary to determine the existence of a class or set of subclasses] would be an abuse of discretion." Kamm, 509 F.2d at 210. "The better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." McCowen, 2015 WL 5184473, at *3 (quoting Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977)).

Plaintiffs argue that they have provided sufficient evidence to make a *prima facie* showing that the Fed. R. Civ. P. 23 class requirements are satisfied. ECF No. 35 at 4. Plaintiffs further argue that the requested discovery is relevant, proportional, and likely to confirm Plaintiffs' allegations. Id. at 5. Plaintiffs note that a Fed. R. Civ. P. 30(b)(6) deposition is "well within the scope of permissible discovery authorized by" the Federal Rules and that it would be much less

8

17cv686-CAB(BLM)

burdensome than their previous request for production of class contact information.  Id. Defendants argue that Plaintiffs have not shown that deposition testimony regarding Defendants' policies and practices outside of San Diego is likely to substantiate their class allegations.  ECF No. 37 at 5.  Defendants also argue that by failing to address this issue, Plaintiffs "concede they cannot meet" this test.  Id.

While the Court finds that Plaintiffs still have not provided evidence making a *prima facie* showing that the requirements of Fed. R. Civ. P. 23 are satisfied for employees outside of the San Diego area, Plaintiffs have shown that the requested discovery - a Fed. R. Civ. P. 30(b)(6) deposition - is relevant, proportional and likely to establish class allegations.  One of the key issues for class certification is whether the employees in Santa Clara County were governed by the same rules, regulations, and policies regarding ambulance response times, out of chute times, use of communication equipment such as pagers and cell phones, and rest time as the San Diego County employees.  Accordingly, the Court finds that Topics 1-19 set forth in the Amended Notice of Deposition are relevant and likely to establish class allegations.  Plaintiffs do not discuss Topics 20-22 and therefore have not established that deposing a corporate witness on those topics is likely to establish class allegations.[4]  The Court also finds that a corporate deposition focused on the relevant topics is proportional to the needs of this case.  Accordingly, the Court grants in part Plaintiffs' motion and authorizes Plaintiffs to conduct a Fed. R. Civ. P. 30(b)(6) deposition covering Topics 1-19.

**IT IS SO ORDERED**.

Dated: 12/28/2017

Hon. Barbara L. Major
United States Magistrate Judge

---

[4] While Plaintiffs have not provided evidence or argument that these topics are likely to establish class allegations, the topics may be relevant to other issues in the litigation and the Court is not prohibiting Plaintiffs from deposing a corporate representative on these topics provided the scope of questioning is limited to San Diego County.