# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

REUBEN CALLEROS AND RALPH RUBIO, individually and on behalf of all others similarly situated in the State of California,

Plaintiffs,

v.

RURAL METRO OF SAN DIEGO, INC., RURAL METRO CORPORATION, AMERICAN MEDICAL RESPONSE, INC., ENVISION HEALTHCARE CORPORATION, AND DOES 1-50, inclusive,

Defendants.

Case No.: 17cv686-CAB(BLM)

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND FOR EVIDENTIARY AND MONETARY SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**

**[ECF No. 45]**

Currently before the Court is Defendants' March 14, 2018 motion to compel [ECF No. 45-1 ("MTC")], Plaintiffs' March 21, 2018 opposition to the motion [ECF No. 48 ("Oppo.")], and Defendants' March 23, 2018 Reply [ECF No. 49 ("Reply")]. For the reasons set forth below, Defendants' motion is **GRANTED IN PART**.

///

///

///

## PROCEDURAL BACKGROUND

The instant class action matter was removed to this Court on April 5, 2017 from the San Diego Superior Court. ECF No. 1. Plaintiffs, ambulance crew employees[1], allege that Defendants failed to authorize and permit rest periods and violated California Business and Professions Code §17200. ECF No. 1-2 at 4-5. Specifically, Plaintiffs and those similarly situated allege that they were not provided with rest periods "during which they were relieved of all duties because they were required to remain on call at all times and were required to carry pagers, cell phones, radios, or other electronic devices to keep those devices on, and to remain vigilant and responsive to calls when the need arose." Id. at 7.

On May 24, 2017, Defendants served Requests for Production ("RFPs") and Interrogatories ("ROGs") on Plaintiffs seeking documents and information regarding Plaintiffs' communications about the instant matter. MTC at 8; see also ECF No. 45-3, Declaration of Michael S. Kun in Support of Defendants' Motion to Compel ("Kun Decl.") at ¶ 4 and Exhs. C, D, E, and F.

On August 21, 2017, Defendants filed a motion to compel further responses to specific RFPs and ROGs. ECF No. 23. Defendants sought an "order from the Court requiring Plaintiffs to further respond to discovery regarding the personal activities Plaintiffs engaged in during their shifts and Plaintiffs' knowledge of locations where violations allegedly [] occurred." ECF No. 31 at 3; see also ECF No. 23-1 at 6, 13. On October 3, 2017, the Court issued an Order Granting in Part and Denying in Part Defendants' Motion to Compel. ECF No. 31. The Court granted in part Defendants' request to compel further response to ROG No. 21.[2] Id. at 11-12. ROG No. 21 stated:

---

[1] Including, but not limited to Emergency Medical Technicians, Paramedics, and Drivers. ECF No. 1-2 at 5.

[2] The October 3, 2017 Order did not address the RFPs at issue in the instant motion. ECF No. 31.

2

**Interrogatory No. 21**: DESCRIBE IN DETAIL the substance, nature and date of each communication YOU had with any PERSON other than with YOUR attorneys concerning the facts, issues or other matters involved in this case.

Id. at 11. The Court found that:

> While the request, including the definition of "DESCRIBE IN DETAIL," is overbroad and disproportional, it does seek relevant information. Accordingly, Plaintiffs are **ORDERED** to provide a supplemental response identifying the person(s) with whom Plaintiffs had such communication, the approximate date of the communication, the general substance of the communication, and the identity of any witness(es) to the communication.

Id. (emphasis in original).

On February 12, 2018, Defendants deposed Plaintiff Rueben Calleros. Kun Decl. at Exh. A. On February 13, 2018, Defendants deposed Plaintiff Ralph Rubio. Id. at Exh. B.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

**DISCUSSION**

In the instant motion, Defendants seek to compel further responses to some of the RFPs and Interrogatories served on Plaintiffs in May 2017 and request evidentiary and monetary sanctions against Plaintiffs and their counsel for their failure to adequately and accurately respond to the discovery and to comply with this Court's October 2017 order. MTC at 6-18. Defendants argue that in response to the RFPs they propounded, Plaintiffs stated that they would produce all responsive documents that existed, but have failed to produce "any text messages or emails in this case consisting of their communications regarding this case or the issues in this case." Id. at 9 (emphasis omitted). Defendants assert that Plaintiffs' depositions revealed that there are or were responsive text messages that Plaintiffs have either deleted or refused to produce. Id.; see also Kun Decl. at ¶ 7, Exhs. U, V, W, Z, Y, and Z. Defendants further argue that despite this Court's Order requiring him to do so, Plaintiff Rubio has refused to "identify by name a single one of the individuals with whom he had spoken about this case" in response to ROG No. 21 Id. at 10 (emphasis omitted). Defendants note that at his deposition, Plaintiff Rubio identified at least twelve individuals with whom he communicated about the case and that Plaintiff Rubio was required to supplement his response even if the communications occurred after his initial supplemental response. Id. at 10-13. Defendants further note that the argument that Plaintiff Rubio did not recall the names of the people he communicated with at the time of his supplemental responses, but was later able to recall at his deposition, is "incredible" especially considering that one of the people is his girlfriend, Ms. April Olsen. Id. at 13. Defendants argue that Plaintiffs should be found in contempt of Court pursuant to Fed. R. Civ. P. 16 and 37 for failing to obey the Court's discovery order and given monetary and evidentiary sanctions. Id. at 12-18.

Plaintiffs contend that they properly responded to RFPs 5, 8, and 9 without objection, have no documents in their possession that are responsive to RFPs 17, 34, and 37, and objected to RFP No. 29 to which Defendants failed to file a timely motion to compel. Oppo. at 5. Plaintiffs also contend that no further responses are required as the requests "did not describe the items being requested with reasonable particularity such that they could be construed to seek the text

4

messages and emails which Defendants now theorize may contain statements against interest by the Plaintiffs." Id. Plaintiffs further contend that no further response to ROG No. 21 is required under Fed. R. Civ. P. 26 or 37 as Plaintiff Rubio already supplemented his response and was questioned about the topic at his deposition. Id.

### A. Requests for Production of Documents

Defendants argue that Plaintiffs should be compelled to supplement their responses to the following RFPs: 5, 8, 9, 17, 29, 34, and 37. MTC. Defendants explain that all of these RFPs required Plaintiffs to produce emails and text messages and yet Plaintiffs have not produced any text messages or emails containing responsive communications. Id. at 9. Defendants complain that the inadequacy of Plaintiffs' response is highlighted by the fact that Plaintiffs testified in their depositions to having engaged in such communications and to having deleted some messages. Id.; see also Exhs. A & B.

#### 1. RFPs 5, 8, and 9

Plaintiffs contend that RFPs 5, 8, and 9 are not specific enough to allow Plaintiffs to "readily identify" the items that should be produced. Oppo. at 5. Plaintiffs argue that the broad language of the RFPs led them to believe that responsive documents would include items such as "employee handbooks, policy manuals, memoranda from management, and collective bargaining agreements" not texts or emails with friends, family, or co-workers. Id. at 7. Plaintiffs note that Plaintiff Calleros produced three documents and Plaintiff Rubio produced two documents in response to RFPs 5, 8 and 9 and Defendants did not object to the adequacy of the production. Id. at 6-7. Plaintiffs state that the request for further response to RFPs 5, 8, and 9 should be denied because the requests do not describe the requested documents with "reasonable particularity" as required by Fed. R. Civ. P. 34. Id.

Defendants reply that Plaintiffs failed to object to these requests for not being reasonably particular and, therefore, have waived any objection on that basis. Reply at 4; see also Oppo. at 7 ("There was no objection made to these three requests."). Defendants also reply that the emails and texts which Plaintiffs have testified about withholding are responsive to the RFPs as the word DOCUMENTS is broadly defined. Id. at 4-5.

RFPs 5, 8, and 9 seek production of:

**REQUEST NO. 5**: All DOCUMENTS that relate to, refer to, describe or support any of the claims or allegations in YOUR COMPLAINT.

**REQUEST NO. 8**: All DOCUMENTS that relate to, refer to, describe or support YOUR allegation that RMSD or any other Defendant engaged in any unlawful conduct of any kind.

**REQUEST NO. 9**: All DOCUMENTS that relate to, refer to, describe or support YOUR allegation that the officers, employees, agents, or representatives of RMSD or any other Defendant in any way acted improperly and/or unlawfully.

Kun Decl. at Exhs. D and F. Plaintiffs responded as follows:

**RESPONSE TO REQUEST NO. 5**: Responding Party will produce DOCUMENTS meeting the description in this Request. Investigation and discovery are continuing. On information and belief, other documents meeting the description in this Request are in the possession and control of Defendants.

**RESPONSE TO REQUEST NO. 8 & 9**: Responding Party will produce DOCUMENTS meeting the description in this Request. Investigation and discovery are continuing. On information and belief additional documents meeting the description in this Request are in the possession and control of Defendants, including documents that were transmitted to ambulance crew members via the Net Scheduler system.

Kun Decl. at Exh. K, R.

Defendants' motion to compel further responses to RFPs 5, 8, and 9 is **GRANTED**. In the RFP, Defendants defined the term DOCUMENT with an extremely detailed and comprehensive description, including digital correspondence.[3] Kun Decl. at Exhs. C, D, F. As

---

[3] "DOCUMENT" or "DOCUMENTS" means "writings" as defined by Federal Rule of Evidence section 1001(1), and includes any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including, but not limited to: papers, books, letters, photographs, posters, objects, tangible things, correspondence, telegrams, cables, telex

such, the RFPs requested emails and text messages that contained communications responsive to RFPs 5, 8 and 9. Additionally, Plaintiffs failed to object to the requests and, therefore, have waived their objections. See Torbert v. Gore, 2016 WL 1394268, at *8 (S.D. Cal. Apr. 8, 2016) (stating that "[a]nswers and objections to interrogatories and requests for production must be served within 30 days of being served with the discovery" and that "[f]or each interrogatory and document request not timely objected to, any objection is deemed waived.") (citing Fed. R. Civ. Proc. 33(b)(4); U.S. ex rel. Burroughs v. DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996)). Accordingly, Plaintiffs are ordered to supplement their responses to RFPs 5, 8 and 9 by producing emails and texts that contain communications that are responsive to the RFP request.

### 2. RFP No. 17

Plaintiffs contend that RFP No. 17 does not describe documents pertaining to communications with uninvolved third parties. Oppo. at 8. Plaintiffs also contend that the request is overbroad and that it is reasonable to read the request as seeking "communications *by or on behalf of* Rural Metro of San Diego, Inc. or any other Defendant concerning the subject matter of this action," but not as seeking "production of any and all texts or emails to or from third parties who are not officers, agents, or representatives of Defendants." Id. (emphasis in original). Plaintiffs note that "[i]f Defendants had wanted to request texts or emails to or from other EMTs or paramedics, they could have easily requested those documents with specificity." Id. RFP No. 17 seeks production of:

messages, confirmations, account statements, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of conferences or other meetings, affidavits, statements, opinions, reports, studies, analyses, evaluations, financial statements, prospectuses, circulars, certificates, press releases, annual reports, quarterly reports, magazine articles, newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, all records of communications recorded or encoded onto magnetic or computer disks, diskettes, audio and video tapes or any other media, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated, and dated, produced, generated or received at any time prior to and including the date of production herein. Kun Decl. at Exh. F at 39.

7

**REQUEST NO. 17**: All DOCUMENTS that relate to, refer to, or describe any oral or written communications made by any officer, agent, employee or representative of RMSD or any other Defendant concerning any allegation in the COMPLAINT or pertaining to this lawsuit, related administrative or judicial actions, or their subject matters.

Kun Decl. at Exh. K, R. Plaintiffs responded as follows:

**RESPONSE TO REQUEST NO. 17**: Objection: compound. Without waiving the objection: A diligent search and a reasonable inquiry having been made in an effort to comply with this demand, Responding Party lacks the ability to comply with this demand because the particular item or category has never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been or is no longer, in the possession, custody or control of the responding party. On information and belief documents meeting the description in this Request may be in the possession and control of Defendants. **SUPPLEMENTAL RESPONSE TO REQUEST NO. 17**: Without waiving the objections: Responding Party has conducted a diligent search and did not find any documents meeting the description in this request.

Kun Decl. at Exh. K, L, R & S. Defendants reply that the messages Plaintiffs have testified to withholding are responsive to this request and that Plaintiffs' assertions are meritless. Reply at 6-7. Defendants note that Plaintiffs' objection to the request as compound is "meaningless" as compound objections are valid in response to interrogatories, not RFPs. Id. at 7, n.3.

Defendants' motion to compel further response to RFP No. 17 is **GRANTED**. The Request does not limit itself to communications between Defendants or officers, agents, employees or representatives of Defendants. The Request seeks documents (including emails and texts) regarding or describing relevant communications made by Defendants or officers, agents, employees or representatives of Defendants whether or not those communications were with each other, Plaintiffs, or uninvolved third parties. Plaintiffs are ordered to supplement their response to RFP No. 17 by providing emails, texts and other documents that contain information responsive to this Request.[4]

///

---

[4] Plaintiffs do not provide any legal support for their compound objection to this RFP. See Oppo. at 8. The Court overrules this objection.

RFP No. 29

Plaintiffs contend that no further response is required for RFP No. 29. Oppo. at 9-10. Plaintiffs note that they responded to the request with objections on July 20 and 21, 2017 and that Defendants failed to file a motion to compel regarding this request within thirty days as required by this Court's Scheduling Order [see ECF No. 17 at 3]. Id. Accordingly, they have no duty to supplement their responses. Id. at 10.

In their reply, Defendants withdraw their request to compel further response to RFP No. 29. Reply at 3, n 2. Accordingly, the request is **DENIED AS MOOT**.

3. RFP No. 34

RFP No. 34 seeks production of "All DOCUMENTS consisting of, or relating or referring to, any statements taken from or given by YOU regarding the subject matter of this lawsuit." Kun Decl. at Exh. K, R. Plaintiffs responded as follows:

> A diligent search and a reasonable inquiry having been made in an effort to comply with this demand, Responding Party lacks the ability to comply with this demand because the particular item or category has never been in the possession, custody or control of the responding party. The name and address of the natural person or organization known or believed to have possession, custody, or control of the requested item or category of item is: not applicable.

Id.

Plaintiffs contend that RFP No. 34 seeks formal statements, not emails or texts. Oppo. at 8. Plaintiffs explain that statements that are "given" or "taken," especially in the context of legal matters, reasonably "mean a written or recorded factual narrative or question and answer session "given by" or "taken from" a party or witness, such as are frequently found in personal injury cases." Id. at 8-9. Plaintiffs contend that the request "cannot possibly be construed to include texts or emails to or from either Plaintiff." Id.

Defendants reply that Plaintiffs "have intentionally contorted" the request and that Plaintiffs have not offered any legal authority for their narrow reading of the word "statement" and note that even Black's Law Dictionary does not define the word so narrowly. Reply at 7-8.

Defendants' motion to compel further response to RFP No. 34 is **DENIED**. Defendants'

tortured interpretation is not reasonable. If Defendants were seeking "'verbal assertions' that Plaintiffs have made regarding the subject matter of this lawsuit," including "text messages and emails they exchanged with others regarding this case" as they now argue, Defendants should have asked for such documents. They didn't. By using the phrase "statements taken from or given by YOU" rather than "statements made by YOU," Defendants changed the meaning of the request to refer to documents (including texts and email messages) regarding statements "taken from" or "given by" Plaintiffs, such as witness' statements, in which another person is involved in the obtaining of the statements, rather than informal communications made by Plaintiffs.

### 4. RFP No. 37

RFP No. 37 seeks the production of "All DOCUMENTS not otherwise requested above that refer or relate to the subject matter of this action and/or the relief prayed for in the COMPLAINT." Kun Decl. at Exh. K, R. Plaintiffs responded to RFP No. 37 as follows:

> **RESPONSE TO REQUEST NO. 37**: Objection: this Request violates Rule 34(b)(1)(A) because it does not describe the item or category of items to be inspected with reasonable particularity. Without waiving the objection, no DOCUMENTS other than those which Responding Party has agreed to produce are in his possession or control. On information and belief DOCUMENTS which meet the description in this Request are in the possession and control of Defendants.

Kun Decl. at Exh. K, R.

Plaintiffs argue that RFP No. 37 does not describe the documents it seeks with reasonable particularity and that Plaintiffs "cannot be faulted for not construing this non-specific Request to seek texts or emails from either of them." Oppo. at 9. Plaintiffs cite Reinsdorf for the proposition that this request is not reasonably particular. Reinsdorf v. Skechers U.S.A., Inc., 296 F.R.D. 604, 616-617 (C.D. Cal. 2013) (stating that "Rule 34(b) requires the requesting party to describe the items to be produced with 'reasonable particularity.' Fed. R. Civ. P. 34(b)(1–2). 'The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called for and what is not.'")(quoting Bruggeman ex rel. Bruggeman v. Blagojevich, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (quoting Parsons v. Jefferson–Pilot Corp., 141 F.R.D. 408, 412

(M.D. N.C. 1992)). Defendants reply that Plaintiffs' argument that RFP No. 37 does not describe the documents Defendants are seeking with reasonable particularity is meritless and that the text messages and emails which Plaintiffs have testified about exchanging are clearly responsive to this request. Reply at 8-9. Defendants do not provide any legal support for their position and do not address Plaintiffs' legal authority.

"Courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity." Lopez v. Chertoff, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009) (citing Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 202 (N.D.W.Va.2000); Devore v. City of Phila., 2002 U.S. Dist. LEXIS 23522 (E.D. Pa. Nov. 14, 2002) (request lacked reasonable particularity where it sought documents related to Plaintiff's claims or damages); and Regan–Touhy v. Walgreen Co., 526 F.3d 641, 650 (10th Cir. 2008) (request for "'all documents ... that refer to, mention or relate in any way to Plaintiff, [ ] or the litigation or the allegations, facts and circumstances concerning the litigation,' [was] overly broad.")).

Defendants' motion to compel further response to RFP 37 is **DENIED**. The request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected. While Defendants are correct that the emails and text messages they seek are responsive to this request, because of the over breadth of the request, so are a huge number of other documents. The Federal Rules require more particularized and specific discovery requests. See Fed. R. Civ. P. 34(b)(1)(a).

B.     Interrogatory No. 21

Defendants argue that Plaintiff Rubio violated Rule 26 and this Court's October 3, 2017 order by failing to provide a complete supplemental response to ROG No. 21. MTC at 9-11. Defendants acknowledge that each Plaintiff provided a supplemental response after this Court's order but assert that Plaintiff Rubio's supplemental response was incomplete and subsequently contradicted by his deposition testimony. Id. at 10-11.

Plaintiffs contend that supplementation is not required because the requested information was provided during Plaintiffs' depositions. Oppo. at 10. Plaintiffs note that they supplemented their responses pursuant to this Court's order and that Fed. R. Civ. P. 26 does not require

supplemental disclosures if the information is made known to an opposing party through discovery. Id. Plaintiffs further note that both Plaintiffs were deposed extensively on their respective communications about this case and that each testified he had minimal text communications about this case. Id. at 11-14.

Defendants reply that Plaintiff Rubio clearly violated this Court's order because he was required to supplement his response to ROG No. 21 in October 2017, well before his February 2018 deposition. Reply at 9. Defendants explain that this failure prejudiced them because a timely and complete response would have given them time to investigate the additional communications prior to the deposition and would have prevented them from wasting valuable deposition time discovering the information. Id. Defendants also reply that Plaintiff Rubio's deposition testimony did not satisfy Rule 26's supplementation requirement because ROG No. 21 seeks, and this Court's order requires, more than just the names of the individuals with whom Plaintiff Rubio spoke. Id.; see also ECF No. 31 (Court's October 3, 3017 order requiring Plaintiffs to "provide a supplemental response identifying the person(s) with whom Plaintiffs had such communication, the approximate date of the communication, the general substance of the communication, and the identity of any witness(es) to the communication.").

In response to ROG No. 21 which asked Plaintiffs to "DESCRIBE IN DETAIL the substance, nature and date of each communication YOU had with any PERSON other than with YOUR attorneys concerning the facts, issues or other matters involved in this case," Plaintiffs stated:

> **RESPONSE TO INTERROGATORY NO. 21**: Objection: this interrogatory is not relevant to plaintiffs' claim or defendants' defenses and is not proportional to the needs of the case considering the issues at stake in this action, the importance of discovery in resolving the issues, and the burden of the proposed discovery outweighs its likely benefit.

Kun Decl. at Exhs. G, I, N, P (verify). In the Court's October 3, 2017 order, the Court required Plaintiffs to supplement their response to ROG No. 21 by "identifying the person(s) with whom Plaintiffs had such communication, the approximate date of the communication, the general substance of the communication, and the identity of any witness(es) to the communication." ECF No. 31 at 11. In response to the Court's order, Plaintiffs stated:

12

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21** (Plaintiff Calleros)
Other than Plaintiff, Ralph Rubio, I spoke with Robert Quittner. I estimate that the communication occurred in approximately December 2016 or January 2017. There were no witnesses, to my knowledge. The general substance of the conversation was that we were not being paid for missed lunches under the new CBA and the CBA didn't provide for rest periods and that I was considering filing a lawsuit. After the lawsuit was filed, in approximately May 2017, I was at the Mercy Hospital Ambulance Bay and there was [a] group of about 6 other ambulance crew members also at that location. I do not recall who was in the group. Someone mentioned that I was the one who had filed this lawsuit. There was no substantive discussion about the allegations in the lawsuit.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21** (Plaintiff Rubio)
In addition to co-Plaintiff, Reuben Calleros, I have spoken with multiple people who, having seen a report on the television news, asked me if I was involved in the lawsuit. When that occurred, I generally just confirmed that I was without providing additional detail. I do not recall who I spoke to but it was between six and twelve ambulance crew members.

Kun Decl. at Exhs. I, P.

Plaintiff's supplemental response does not comply with the Court's order as it states that Rubio communicated with numerous unidentified people and fails to provide the required details regarding each communication. Plaintiffs argue that Rubio's deposition testimony clarified the identity of the people with whom Rubio communicated and provided the other required details. However, the evidence presented to this Court does not support that argument and it is not clear that Plaintiff Rubio has fully and accurately responded to ROG No. 21. For example the deposition testimony and supplemental response do not provide the approximate dates of the communications or the identity of any witnesses to the conversations as ordered. Id.; see also MTC at Exhs. A, B. Accordingly, Defendants' motion to compel further response to ROG 21 by Plaintiff Rubio is **GRANTED**. See Broderick v. Deanda, 2014 WL 199063, *3 (D. Ariz. Jan. 17, 2014) (concluding that defendant did not comply with his obligation to supplement discovery responses where plaintiffs served requests for admissions and interrogatories specifically requesting the factual basis of defendant's affirmative defenses and defendant did not object even though facts supporting defendant's assertion of comparative fault were "made known to other parties during the discovery process," but defendant did not provide the additional information requested in plaintiffs' discovery.).

# SANCTIONS

Defendants argue that Plaintiffs should be found in contempt of Court pursuant to Fed. R. Civ. P. 16 and 37 for failing to obey the Court's discovery order. MTC at 12-14. Additionally, Defendants argue that "Plaintiffs should not be permitted to use any of the information or documents they concealed for any purpose at all in this case." Id. at 16. Finally, Defendants argue that Plaintiffs should be sanctioned monetarily. Id. at 18.

Plaintiffs contend that evidentiary and monetary sanctions are not warranted as there is no evidence of willful non-disclosure and the only person Plaintiff Rubio failed to mention in his supplemental responses was his girlfriend April and he was justified in doing so because she is not affiliated with Defendants. Oppo. at 15. Plaintiffs also contend that the RFPs at issue are so broadly worded that the information they sought was not evident. Id. Finally, Plaintiffs contend that Defendants have not been prejudiced since Plaintiffs were questioned during their deposition about the existence of texts, emails, and other communications and there is plenty of time left within the fact discovery period for Defendants to explore the information. Id. at 16.

Defendants reply that they have been prejudiced as Plaintiff Calleros testified to having deleted messages that were responsive to ROG 21 and because the information was not provided to Defendants prior to Plaintiffs' depositions which would have allowed Defendants to investigate the information prior to the depositions. Reply at 10-11.

1. Contempt

The civil contempt power of a magistrate judge is as follows:

> Upon the commission of any such act ... where ... the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). "The assigned district judge then hears the evidence to determine whether the conduct warrants punishment and may impose contempt sanctions in the same

14

manner and to the same extent as for a contempt committed before the district judge." Stewart Title Guar. Co. v. 2485 Calle del Oro, LLC, 2017 WL 3381814, at *14–15 (S.D. Cal. Aug. 7, 2017) (adopted in part and declined in part in Stewart Title Guar. Co. v. 2485 Calle del Oro, LLC, 2017 WL 5029613, (S.D. Cal. Nov. 3, 2017)) (citing 28 U.S.C. § 636(e)(6)(B)(iii) and In re Kitterman, 696 F. Supp. 1366, 1370 (D. Nev. 1988)).

> To hold a party in contempt, a court must find by clear and convincing evidence that the party violated a specific and definite order and that it had sufficient notice of its terms and the fact that it would be sanctioned if it did not comply. In civil contempt proceedings [,] the contempt need not be willful.

Am. Registry of Radiologic Technologists v. Moultry, 2018 WL 1108730, at *2 (S.D. Cal. Mar. 1, 2018) (citing See In re Dyer, 322 F.3d 1178, 1190–91 (9th Cir. 2003)) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187 (1949)). "A judgment of civil contempt is coercive in nature and is entered to achieve full compliance with the court's order or to compensate a party for losses or damages sustained by reason of the contemnor's noncompliance." United States v. Posner, 2017 WL 3726046, at *2 (S.D. Cal. Aug. 28, 2017) (citing United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947); Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992); and South Suburban Housing Center v. Berry, 186 F.3d 851, 854 (7th Cir. 1999)). Coercive sanctions should be designed to achieve the desired result and to reflect the character and magnitude of harm if the desired result is not achieved. See Id. (citing Whittaker Corp., 953 F.2d at 517-18).

Here, the Court declines to certify facts for contempt proceedings to the District Judge. While it is clear that Plaintiff Rubio did not fully respond to ROG No. 21 as ordered by the Court, the failure is not so egregious or prejudicial as to merit a recommendation for civil contempt. While Plaintiff Rubio failed to identify the specific people with whom he communicated, and the identity of any witnesses, as ordered, he did supplement his response to clarify that he spoke with "multiple people" including crew members about the pending lawsuit and confirming that he was involved in it, and is now being ordered to further supplement his response. Given the specifics of this dispute and the fact that the Court is ordering Plaintiff Rubio to further supplements his response to ROG No. 21 to comply with the Court's October 3, 2017 Order [see

ECF No. 31], the Court finds that civil contempt is not an appropriate remedy. Accordingly Defendants' motion for a finding of contempt is **DENIED**. Plaintiff Rubio is warned that another failure to comply with this Court's order could result in a recommendation for contempt to the District Judge.

2. Evidentiary Sanctions

The Court also finds that evidentiary sanctions, in the form of excluding evidence, are not appropriate. While Plaintiff Rubio failed to adequately and properly supplement his response to ROG No. 21 as ordered by this Court and both Plaintiffs failed to interpret some of the RFPs to include text messages and emails, the deadline for the close of discovery has been continued to August 10, 2018 [see ECF No. 47] leaving Defendants with sufficient time to follow-up on the late disclosed information and the soon to be supplemented discovery responses and will not cause significant prejudice to Defendants. In addition, Defendants' RFPs were broadly worded and Plaintiffs' responses, while incomplete for some RFPs, were not unreasonable. The prejudice articulated by Defendants is that they were not able to investigate the individuals with whom Plaintiff Rubio communicated about the case before the deposition and that they had to waste deposition time to obtain the information that should have been provided in the interrogatory. To remedy this harm, the Court sanctions Plaintiff Rubio by authorizing Defendants to depose Mr. Rubio for an additional one hour.

3. Monetary Sanctions

If a motion to compel discovery is granted in part and denied in part, the court may "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, while the Court is granting in part Defendants' motion to compel, the Court declines to impose monetary sanctions. First, Defendants' RFPs are not as clear and precise as they could be. While the Court has interpreted some of them as requiring a supplemental response, Plaintiffs interpretations are not unreasonable. Second, while Plaintiff Rubio's supplemental response to ROG No. 21 did not fully comply with this Court's order, Defendants obtained most of the responsive information during Plaintiff's deposition and the evidentiary sanction of additional disposition time is more appropriate. Accordingly, the Court

16

**DENIES** Defendants' request for monetary sanctions.

## CONCLUSION

Defendants' request to compel further response to

1. RFPs 5, 8, 9, and 17 is **GRANTED**.
2. RFPs. 34 and 37 is **DENIED.**
3. RFP No. 29 is **DENIED AS MOOT**.
4. ROG No. 21 is **GRANTED** as to Plaintiff Rubio.

Plaintiffs are **ORDERED** to provide supplemental responses in accordance with this order by **April 25, 2018**.

Defendants' request for a contempt order is **DENIED**.

Defendants' request for evidentiary sanctions is **DENIED**. However, the Court sanctions Plaintiff Rubio by authorizing Defendants to depose Mr. Rubio for an additional one hour.

Defendants' request for monetary sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated: 4/11/2018

Hon. Barbara L. Major
United States Magistrate Judge