UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN CALLEROS and RALPH RUBIO, on behalf of themselves and all others similarly situated in the state of California,<br><br>                                                  Plaintiffs,<br><br>v.<br><br>RURAL METRO OF SAN DIEGO, INC. et al.<br><br>                                                  Defendants. | Case No.: 3:17-cv-686-CAB-BLM<br><br>**REMAND ORDER** |

This matter is before the Court on the question of whether the local controversy exception to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), requires the Court to remand this case to state court. Upon consideration of the entire record and the arguments of the parties, the Court finds that the preponderance of the evidence supports application of the local controversy exception here.

**I.    Background**

Plaintiffs Reuben Calleros and Ralph Rubio filed this lawsuit on February 22, 2017 in San Diego County Superior Court on behalf of a putative class of current and former individuals employed by Defendants Rural Metro of San Diego, Inc. ("RMSD"), Rural Metro Corporation ("RMC"), American Medical Response, Inc. ("AMR"), and Envision

Healthcare Corporation ("Envision") as ambulance crew members in California during the applicable class period. The complaint asserts one claim under the California labor code and one claim under California's unfair competition law, both of which stem from Defendants' alleged failure to comply with California's rest period requirements. On April 5, 2017, Defendants removed the complaint to this court pursuant to CAFA, alleging that there is sufficient diversity and that the amount in controversy exceeds $5,000,000.

On February 9, 2018, Plaintiffs filed a motion to certify a class, and that motion is now fully briefed. Upon review of the parties' class certification briefs in conjunction with the complaint, the Court discovered that this suit may be subject to CAFA's local controversy exception. Accordingly, the Court instructed the parties to be prepared to discuss the applicability of this exception at the hearing set for Plaintiff's motion to certify a class.

At the hearing, Plaintiffs agreed with the Court that the local controversy exception applies and argued that the Court must remand this case. Defendants, however, argued that remand would be improper because there was no evidence that greater than two-thirds of the proposed plaintiff classes are citizens of California and that it would be improper to find that the first requirement of the local controversy exception was satisfied based solely on the fact that all class members had worked in California during the four years preceding the date the complaint was filed. Accordingly, to further develop the record, the Court ordered Defendants to provide the last known addresses of all putative class members to Plaintiffs' counsel and ordered further briefing on the matter. Defendants have since provided Plaintiffs with the class members' last known addresses and the additional briefing is complete. Consistent with the positions they took at the hearing, Plaintiffs argue in their brief that the local controversy exception applies and requires remand, while Defendants argue that it does not.

## II. Legal Standards

Pursuant to CAFA, federal district courts have original subject matter jurisdiction over class actions in which a member of the plaintiff class is a citizen of a state different

from any defendant and the aggregate matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). To remove a case pursuant to CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Usually, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). However, "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manhaim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Thus, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 135 S.Ct. at 554.

CAFA, however, requires that federal courts remand removed CAFA cases to the originating state court when the following three conditions are met:

> (I) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed";
>
> (II) at least 1 defendant is a defendant—(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

*Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)(4)(A)(i)).

Defendants spend much of their brief arguing that Plaintiffs have the burden to show that the local controversy exception applies. Although it is well-established that a plaintiff seeking remand bears the burden to prove that the local controversy exception applies (*see, e.g., Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013)), it is unclear who bears the burden when the applicability of the local controversy exception is first

3

3:17-cv-686-CAB-BLM

raised by the Court. That being said, Plaintiffs now argue that the local controversy exception applies, so for present purposes, the Court analyzes this dispute as if Plaintiffs bear the burden of proof. In any event, the Ninth Circuit has held that the "burden of proof placed upon a plaintiff should not be exceptionally difficult to bear." *Id.*

### III. Discussion

There is no dispute that second and third requirements of the local controversy exception are satisfied.[1] RMSD is a California corporation with its principal place of business in California, making it a citizen of California. [Doc. No. 55-1; Doc. No. 56-1 at 76.] 28 U.S.C. § 1332(b). Approximately one-third of the potential class members were or are employed by RMSD and seek an additional hour of pay from RMSD for each day worked since January 1, 2017. [Doc. No. 56-1 at 79.] Accordingly, the complaint seeks significant relief from RMSD, and RMSD's conduct forms a significant basis for the class's claims. Further, because any injuries suffered by class members arise out of work they did in California, any injuries they suffered in the form of missed meal and rest periods occurred in California.

In addition, all of the evidence before the Court supports a finding that at least two-thirds of the class members are citizens of California. All class members, by definition, worked in California for one or more of the Defendants within the four years before the complaint was filed, or they would not be class members. The last known mailing address for all but 11 of the 3,322 potential class members is a California address. [Doc. No. 56-1.] Further, when Plaintiffs sent opt out notices in this litigation to 1,258 San Diego class members, at least 1,109 of the California addresses to which the notices were sent were still valid, and that total did not include the 32 individuals who opted-out. [Doc. No. 57-1.]

---

[1] In addition, neither party argues that any other class actions asserting the same or similar allegations were filed during the 3-year period preceding the complaint here. *See* 28 U.S.C. § 1332(d)(4)(A)(ii).

Although Defendants may not have any burden to demonstrate that the local controversy exception does not apply here, they offer no evidence that would support a finding that less than two-thirds of the class members are California citizens. Instead, Defendants' only argument against application of the local controversy exception is that there is insufficient evidence that over two-thirds of the putative class members were citizens of California on the date of the filing of the complaint.[2] Along these lines, Defendants merely point out that 56 of the addresses for the 3,322 potential class members are P.O. Boxes, that a mailing address does not necessarily establish citizenship for jurisdictional purposes, and that residential addresses do not establish citizenship and may have changed. These arguments focus on the evidence in isolation as opposed to record as a whole. *See Mondragon*, 736 F.3d at 886 (indicating that "a court should consider the entire record to determine whether evidence of residency can properly establish citizenship"). Defendants offer no arguments for why evidence that almost all of a class of California employees had last known addresses in California does not support a finding that by the preponderance of the evidence, two-thirds of the class members were citizens of California when the complaint was filed.

Numerous district courts have remanded California wage and hour class actions pursuant to the local controversy exception based on evidence that more than two-thirds of the class members had California addresses. *See generally King v. Great Am. Chicken Corp., Inc.*, No. CV 17-4510-GW(ASx), 2018 WL 587847, at *1 (C.D. Cal. Jan. 25, 2018) (holding that plaintiff had satisfied burden based on stipulation by the parties that at least 67% of the class members' last-known addresses were in California); *Garcia v. Task Ventures, LLC,* No. 16-CV-809-BAS(JLB), 2016 WL 7093915, at *4 (S.D. Cal. Dec. 6, 2016) (holding that evidence supported finding that two-thirds of class members were

---

[2] *See* 28 U.S.C. § 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint . . . .")

5

citizens of California based on sampling that 17.2% of class members' had mailing addresses in California); *Walker v. Apple, Inc.*, No. 15-CV-1147 L (BGS), 2015 WL 12699871, at *3 (S.D. Cal. Sept. 17, 2015) (holding that local controversy exception applied where evidence demonstrated that approximately 80% of class members' residential addresses were in California); *Serrano v. Bay Bread LLC*, No. 14-CV-01087-TEH, 2014 WL 4463843, at *3 (N.D. Cal. Sept. 10, 2014) (holding that plaintiffs had satisfied their burden based on evidence that 99.7% of the putative class had a mailing address in California when Defendants provided them the information); *cf. Mondragon*, 736 F.3d at 886 (noting that "numerous courts treat a person's residence as prima facie evidence of the person's domicile."). Here, all class members worked in California within four years of the filing of the complaint and 99.67% of class members last known addresses are in California. Although the local controversy exception "is a narrow one," *Benko*, 789 F.3d at 1116, it applies based on the evidence here.

Defendants' extensive reliance on *Mondragon* is misplaced. In *Mondragon*, the plaintiffs offered no evidence of the class members' citizenship.[3] *Mondragon*, 736 F.3d at 884. Moreover, the class in *Mondragon* merely bought cars in California; there was no evidence of their addresses or employment. Here, in contrast, the evidence indicates that the class members, all of whom worked in California, also maintained addresses in California. Although this evidence may not be *irrefutable* evidence or put it beyond a reasonable doubt that more than two-thirds of the class were California citizens when the complaint was filed, it certainly supports such a finding using the preponderance of the evidence standard. *See generally Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (noting that the factors relevant to domicile determination include residence and place of employment); *see also Mondragon*, 736 F.3d at 885 (observing "that the party with the

---

[3] Defendants also cite to *In re Sprint Nextel Corp.*, 593 F.3d 669 (7th Cir. 2010), but in that case, like in *Mondragon*, "[t]he plaintiffs didn't submit any evidence about citizenship." *Id.* at 673. Moreover, in *Mondragon*, the Ninth Circuit expressed skepticism about the Seventh Circuit's suggestion "that evidence of residency can never establish citizenship." *Mondragon*, 736 F.3d at 886.

burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change"). Defendants, for their part, do not offer any evidence to the contrary, meaning that the *only* evidence before the Court weighs in favor of a finding that more than two-thirds of the class are California citizens. Indeed, "[i]t would be unreasonable to infer that so many employees would have a mailing address in California but reside or be domiciled in another state." *Serrano*, 2014 WL 4463843, * 3. Thus, the preponderance of the evidence supports a finding that two-thirds of the class members were California citizens when the complaint was filed.

## IV. Disposition

Although the local controversy exception "is a narrow one," its intent is "to respond to concerns that class actions with a truly local focus should not be moved to federal court under [CAFA] because state courts have a strong interest in adjudicating such disputes. . . ." *Benko*, 789 F.3d at 1119 (citing S.Rep. No. 109–14, 39, 2005 U.S.Code Cong. & Admin. News 3). While the Court may not engage in guesswork concerning application of the local controversy exception, the Court is "permitted to make reasonable inferences from facts in evidence." *Mondragon*, 736 F.3d at 886. The facts in evidence here support no other inference than that more than two-thirds of the class members were citizens of California when the complaint was filed and when it was removed here. Accordingly, because there is no dispute that the other elements of the local controversy exception apply, it is hereby **ORDERED** that this case be **REMANDED** to state court.

It is **SO ORDERED**.

Dated: May 15, 2018

Hon. Cathy Ann Bencivengo
United States District Judge